FILED SEP 5 '23 AM11:28 USDCALS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINA GREENE, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:23-cv-00302-TFM-B** |
| | ) | |
| | ) | |
| TRUIST BANK, *et al* , | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Regina Greene identified in the Complaint as "Plaintiff", by and through *pro se*, hereby respectfully moves this Court to set an evidentiary hearing and move for a summary judgment in the Plaintiff's favor for the claims asserted by Plaintiff Regina Greene ("Plaintiff") in the above-referenced case to show that Defendant, Truist Bank and co-defendants, Equifax, Experian, and TransUnion, LLC violated the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act, and as grounds therefore to rule for Plaintiff's civil action case against the Defendant, and co-defendants. In support of this Complaint, Plaintiff states as follows:

1.

Plaintiff signed, dated, and filed a Notice of Reassignment on August 15, 2023, to have jurisdiction over this case now that it has been removed to federal district court, Plaintiff's Motion For Default Judgment and other evidentiary and other related documents should be admitted and received into record along with the case to the federal district court. Because this

Court has jurisdiction over this case now that it has been removed to federal district court,
Defendants motion to strike and motion to dismiss and other related documents should be
stricken.

2.

Plaintiff's name: Regina Greene

Address: 5312 Lansdowne Drive

City, State, and Zip Code: Mobile, AL. 36693

3.

Defendant Name: Truist Bank

Address: Truist Bank – Asset Disposition

     MC: CSRVW 7951

     P.O. Box 85052

     Richmond, VA. 23285

     *Counsel for Defendant*, Truist Bank:

     Ryli W. Leader and David A. Elliott

     Burr & Forman LLP

     420 North 20th Street, Suite 3400

     Birmingham, AL. 35203

Defendant Name: Truist dba BB&T

Address: P.O. Box 1626

     Wilson, NC. 27894-1626

     *Counsel for Defendant*, Truist Bank:

     Ryli W. Leader and David A. Elliott

2

Burr & Forman LLP

420 North 20th Street, Suite 3400

Birmingham, AL. 35203

Co-Defendant(s) Name: Equifax

Address: Seyfarth Shaw LLP

c/o Equifax

1075 Peachtree Street NE, Suite 2500

Atlanta, GA. 30309-3958

*Counsel for Defendant*, Equifax:

Seyarth Shaw LLP

Co-Defendant(s) Name: Experian

Address: P.O. Box 4000

Allen, TX. 75013

Co-Defendant(s) Name: TransUnion, LLC

Address: P.O. Box 2000

Chester, PA. 19022

4.

Plaintiff's legal claim is against the Defendant, Truist Bank, and the co-defendants, Equifax, Experian, and TransUnion, LLC for violating Plaintiff's protections under the Fair Credit Reporting Act, and the Fair Debt Collection Practices Act, including defamation, culpable negligence conduct, and deception, which has caused Plaintiff mental anguish, emotional distress, embarrassment, including harm of financial injury and willful injury. The statute under which the suit is filed, 15 U.S.C. 1681, et seq.; 15 U.S.C. 1692, et seq.; 15.U.S.C. 1692f; 28

U.S.C. 4101; 15 U.S.C. 1692d, and Under Alabama Rules of Evidence 103, and Rule 401 of evidence in Alabama, 406 Rule of evidence in Alabama; 407 Rule of evidence in Alabama; Rule 803(6) of evidence in Alabama, also Rule 37(d) in Alabama Rules of Civil Procedure, and Alabama Rules of Evidence 611, and Under Rule 11 of the federal rule of civil procedure.

5.

1.  On numerous dates in April 2023 through August 2023, Plaintiff requested for numerous documents to determine the validity of the account due to Truist breach of contract as a result of the illegal and wrongful repossession of the vehicle. The Defendant, Truist Bank, and the co-defendants Equifax, Experian, and TransUnion, LLC have failed to provide evidentiary findings of producing viable evidence to Plaintiff's complaint with transparency, truth, and without bias. Plaintiff request viable evidence from Truist to validate the debt, and provide Plaintiff with a copies of requested "validation written evidence" bearing Plaintiff's signature, of which Truist has provided, however the Defendant, Truist and the co-defendants, Equifax, Experian, and TransUnion, LLC continue to ignore Plaintiff's request for viable evidence in which Plaintiff has only received inconclusive correspondence letters without supporting evidence from the Defendant, Truist Bank, and inconclusive investigative reports without supporting evidence from the co-defendants, Equifax, Experian, and TransUnion, LLC. To date, Plaintiff has not received the requested evidence, attached hereto as **Exhibit A**. See also **Exhibit F** of Amended Motion for Summary Judgment for investigative reports.

2.  Plaintiff seek damages due to Truist breach of contract and illegal and wrongful repossession of the loss of Plaintiff's Vehicle property/property value, and money sued for the defendant, Truist, dba BB&T and its entities due to the illegal, wrongful trespassing on Plaintiff's property and for the illegal, wrongful repossession and illegal, wrongful sale of

4

property, failure to report Plaintiff's credit dispute timely, and failure to remove and delete the inaccurate, erroneous, derogatory information, and the fraudulent illegal sell of the account, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and failure to properly investigate Plaintiff's dispute of debt with Truist, dba BB&T and failure to provide me with evidence of its findings caused damages due to fraudulent and inaccurate reporting, failure to accurately report Plaintiff's disputed debt, and failure to respond to Plaintiff's disputed debt in a timely manner, defamation, and financial injury as a result of violations

3.  Truist reported inaccurate credit reporting, causing Plaintiff defamation, financial injury Truist breach of contract, wrongful and illegal repossession and sale of Plaintiff's Vehicle, failure to report immediate dispute to the credit bureaus, failure to immediately conduct a proper and thorough investigation of Plaintiff's dispute and report accurate information on Plaintiff's credit report to the credit bureaus, caused defamation, financial injury and Truist refusal to respond and provide viable evidence to correct, remove, and delete the inaccurate and derogatory entry on Plaintiff's personal and business credit has immensely caused financial injury to Plaintiff. Truist failed to respond to Plaintiff's written disputes within 30 days of Plaintiff's emails and certified letters, failed to validate debt due to wrongful and fraudulent repossession and continue to pursue collection activity, failed to validate debt due to wrongful and fraudulent repossession and continue to report to credit bureaus. Truist failed to cease and desist the sale of the wrongful repossessed vehicle, use of Harassment and Abuse, did not promptly honor the dispute by not abruptly entering in their system and reporting to credit bureaus, and Truist used

deceptive collection actions to illegally, wrongfully, and fraudulently sell the account to Truist dba BB&T and entering in their system and reporting to credit bureaus.

4. Plaintiff seek damages from the co-defendants Experian, Equifax and TransUnion, LLC due to defamation and willful injury caused by failure to remove and delete inaccurate and derogatory information on Plaintiff's credit report, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and failure to properly investigate Truist, dba BB&T and failure to provide me with evidence of its findings caused damages due to fraudulent and inaccurate reporting, failure to accurately report Plaintiff's disputed debt, and failure to respond to Plaintiff's disputed debt in a timely manner, defamation, and willful injury as a result of violations.

5. The co-defendants Experian, Equifax and TransUnion, LLC inaccurately reported on Plaintiff's credit reporting, causing defamation, and willful injury. The co-defendants Experian, Equifax and TransUnion failure to immediately conduct a proper and thorough investigation of Plaintiff's dispute and update accurate information on Plaintiff's credit report at the credit bureaus, caused defamation, willful injury and refusal to obtain viable evidence to correct, remove, and delete the inaccurate and derogatory entry on Plaintiff's personal and business credit. The co-defendants Experian, Equifax and TransUnion failed to provide viable evidence to Plaintiff's written disputes within 30 days of Plaintiff's written certified letters, and failed to validate debt due to wrongful and fraudulent repossession and continue to report inaccurate, derogatory, and fraudulent reporting.

6. The co-defendants Experian, Equifax and TransUnion, LLC failed to respond to

Plaintiff's written disputes within 30 days, and did not promptly and thoroughly investigate Plaintiff's written dispute by not accurately updating Plaintiff's credit report at the credit bureaus. The co-defendants Experian, Equifax and TransUnion, LLC reported the illegal, wrongful, and fraudulent sell of the account on Plaintiff's credit file and entering in the credit bureau system to report.

7. Plaintiff asserts that the Defendant Truist failed to Act in Good Faith. Plaintiff asserts the Defendant Truist, and the co-defendants Equifax, Experian, and TransUnion, LLC failed to abide by the state and federal laws of the FCRA and the FDCPA. Plaintiff repeatedly requested for Truist to provide viable evidence from Truist thorough investigation of Plaintiff's complaint dispute. Plaintiff requested for viable evidence of "some contractual obligation" with Truist with regards to Plaintiff's signature of prior knowledge of Truist payment arrangements and payment agreements. Plaintiff requests viable evidence that Plaintiff had signed wherein Plaintiff had prior knowledge or notice of a "10 day timeframe prior to repossession by Truist Bank."

8. The Defendant Truist, and the co-defendants, Equifax, Experian, and TransUnion, LLC unlawful actions and failure to respond to Plaintiff's numerous consumer dispute complaint requests for a full scale investigation to provide evidence to Plaintiff of Truist standard protocol for a "valid or invalid payment arrangement/payment agreements".

9. Plaintiff asserts the Defendant Truist and the co-defendants Equifax, Experian, and TransUnion, LLC unlawful actions and failure of Defendant Truist and the co-defendants Equifax, Experian, and TransUnion, LLC to inform Plaintiff if the 10 day timeframe included or excluded the weekends, and unlawful actions and failure to respond to Plaintiff's numerous consumer dispute complaint requests for a full scale investigation to provide evidence of Truist

10 day time frame policy and evidence to support if the policy included or excluded weekends and Truist failure to provide written evidence bearing Plaintiff's signature of prior knowledge of the 10 day policy timeframe to include or exclude the weekends since the local office is closed on the weekends. Plaintiff asserts the Defendant Truist used unlawful and unfair collection practices and the Defendant Truist failed to confirm or deny breach of contract in the wrongful and illegal repossession of the vehicle, and Defendant Truist forfeited Plaintiff's right to pay as agreed with Defendant Truist, instead Truist breach the contract, and wrongfully and illegally repossessed Plaintiff's Vehicle on April 19, 2023, which is still within the 10th day timeframe, if counting 10 business days of which Truist continuously failed to confirm or deny this or the breach of contract, and further Defendant Truist failed to provide evidence to Plaintiff of the 10 day time frame written policy bearing Plaintiff's signature as confirmation of prior knowledge.

10. Plaintiff asserts the Defendant Truist failed to return Plaintiff's calls of the consumer dispute. Defendant Truist failed to reply to Plaintiff's emails of Plaintiff's consumer dispute, and Defendant Truist continuously failed to respond in writing to Plaintiff's certified letters of Complaint to address Plaintiff's consumer dispute. Defendant Truist further failed to conduct a full scale investigation and provide viable evidence to Plaintiff of the investigative findings. Plaintiff asserts due to the breach of contract by Defendant Truist, and the wrongful and illegal repossession of the Vehicle by Defendant Truist, the debt is not valid. Plaintiff further asserts the debt is not valid as a result of the breach of contract, and the wrongful and illegal repossession of the vehicle by Defendant Truist. The Defendant Truist failed to respond in a timely manner to Plaintiff's consumer dispute, Defendant Truist failed to accurately report the consumer dispute in a timely manner, and Defendant Truist failed to properly conduct a full scale

investigation, and Defendant Truist failed to provide viable evidence of its investigative findings to Plaintiff and the credit bureaus in a timely manner.

11. Plaintiff informed the co-defendant, Equifax of a non-compliance that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), Equifax may be liable for willful non-compliance.   Plaintiff requested viable evidence from Defendant Truist and co-defendant Equifax of a description of the procedure used to determine the accuracy and completeness of the information, and to provide evidence within fifteen (15) days of the completion of Equifax and Truist re-investigation.  To date, Truist and Equifax have failed to provide Plaintiff the requested information.

12. Plaintiff request that the Defendant Truist, and co-defendant Equifax provide the name, address, and telephone number of each person contacted regarding the alleged account. Plaintiff request a copy of any documents provided bearing Plaintiff's signature, showing that Plaintiff have a legally binding contractual obligation to pay Truist dba BB&T the exact amount claimed.  On August 6, 2023 Plaintiff filed a consumer dispute against Truist dba BB&T, known as Truist.  Plaintiff asserts inaccurate and negative information reported by Truist dba BB&T on Plaintiff's credit report stating "Balance owe $12,958.00" or "account is Charge Off", or "Repossession" in May 2023.  Plaintiff asserts Truist dba BB&T is inaccurately and negatively listed on Plaintiff's credit report.  According to a recent internet research, in December 2019, SunTrust and BB&T merged and now the two are officially Truist, and now fully operate, under the name Truist.  All products, services and locations are branded as Truist.

13. On August 6, 2023, Plaintiff mailed a certified letter to Truist dba BB&T, known as Truist to challenge the accuracy, compliance and reportability of the inaccurate listing on Plaintiff's credit report.  Plaintiff requested viable evidence to validate the information reported

by Truist dba BB&T and provide Plaintiff with copies of any documentation associated with this account, bearing Plaintiff's signature. Plaintiff requested the inaccurate and derogatory information be immediately deleted from Plaintiff's credit report. In *Bryant v. TRW*, The court held that Defendant was not free from liability when the credit reports at issue was not accurate. Once inaccuracy was determined, defendant's agency procedures were determined to be not reasonable to ensure maximum possible accuracy, pursuant to §§607(b).

14. On August 7, 2023 Plaintiff filed a consumer dispute against Truist dba BB&T, known as Truist. Plaintiff request viable evidence from the co-defendant Equifax in regards to a recent claim that Truist dba BB&T has verified that the account reported under Plaintiff's name is accurate. The Equifax credit report references the account belongs to Plaintiff. The Equifax credit report also references this account has been updated. Additional information has been provided from the original source regarding this item. The following fields have been modified: *Additional information *Balance *Past Due *Charge Off Amount *Actual Payment *Terms Duration." Plaintiff requests that Equifax conduct a thorough investigation of the inaccurate information reported on Plaintiff's credit report by Truist dba BB&T. Plaintiff request viable evidence from Truist dba BB&T of the inaccurate, derogatory and negative information reported on Plaintiff's credit report by Truist dba BB&T. Plaintiff asserts inaccurate, derogatory and negative information reported by Truist dba BB&T on Plaintiff's credit report stating "Balance owe $12,958.00" or "account is Charge Off", or "Repossession" in May 2023.

15. Plaintiff asserts Truist dba BB&T is inaccurately and negatively listed on Plaintiff's credit report. According to a recent internet research, in December 2019, SunTrust and BB&T merged and now the two are officially Truist, and now fully operate, under the name Truist. All products, services and locations are branded as Truist. On August 7, 2023, Plaintiff mailed a

certified letter to Equifax regarding Plaintiff's consumer dispute against Truist dba BB&T and to challenge the accuracy, compliance and reportability of the inaccurate listing on Plaintiff's credit report . Plaintiff requested an investigation from Equifax to provide Plaintiff viable evidence to validate the information reported by Truist dba BB&T and provide Plaintiff with copies of any documentation associated with this account, bearing Plaintiff's signature. Plaintiff requested the inaccurate and derogatory information removed/deleted from Plaintiff's credit report. Plaintiff requested an investigation, as per the Fair Credit Reporting Act Section 611(a) (1) (A), including requesting that Truist dba BB&T provide Method of Verification.

16. Plaintiff's consumer dispute was mailed in August 7, 2023 to Truist dba BB&T to request an investigation of the negative mark found on Plaintiff's credit reports, involving any deception resulting in a wrongful repossession due to Truist dba BB&T, wrongdoing and deceptive business practices resulting in the wrongful reporting and wrongful sale of Plaintiff's vehicle (including Experian, Transunion and Equifax) from Truist dba BB&T or any company that Truist represent, for a debt that Plaintiff do not owe as a result of the breach of contract by Truist, and due to the illegal and wrongful repossession of Plaintiff's vehicle, is a violation of the FCRA & FDCPA; therefore Plaintiff request viable evidence from Truist dba BB&T to validate the debt, and provide Plaintiff with a copies of requested "validation written evidence" bearing Plaintiff's signature. Plaintiff asserts the information is inaccurate and derogatory and request Truist dba BB&T to remove/delete the inaccurate information and immediately contact the credit reporting agencies, the co-defendants Equifax, Experian and TransUnion to delete the inaccurate entry.

17. Plaintiff requested viable evidence from Truist dba BB&T to correct the inaccurate

11

information on Plaintiffs credit report. To date, Truist dba BB&T has failed to provide Plaintiff with a copy of any viable evidence submitted by Truist dba BB&T to substantiate the claims. Plaintiff request Truist dba BB&T method of verification, and any written response to Plaintiff's certified mailings, email responses, letters from the three credit bureaus to Truist dba BB&T, the creditor's reply letters and Plaintiff assert that Truist dba BB&T has not complied, which is an additional violation of the Fair Credit Reporting Act 611(a)(7). To date, Plaintiff has not received the requested information from the Defendant, Truist, or the co-defendant, Equifax. In *Bryant v. TRW*, The court held that Defendant was not free from liability when the credit reports at issue are not accurate. Once inaccuracy was determined, defendant's agency procedures were determined to be not reasonable to ensure maximum possible accuracy, pursuant to §§607(b).

18. Plaintiff requested viable evidence from Equifax to conduct an investigation to correct the inaccurate information on Plaintiffs credit report. To date, Equifax has failed to provide Plaintiff with a copy of any viable evidence submitted by Truist dba BB&T to substantiate the claims. Plaintiff request Equifax method of verification, and any written response to Plaintiff's certified mailings, email responses, letters from the three credit bureaus to Truist dba BB&T, the creditor's reply letters and Plaintiff assert that Equifax has not complied, which is an additional violation of the Fair Credit Reporting Act 611(a)(7).

19. Plaintiff asserts that Truist dba BB&T failed to act within the law and exercised unfair business and unfair credit practices. Plaintiff asserts that Truist dba a BB&T cannot "wait to listen to what they want to hear and what they perceived as what they claimed they heard later and rule it as an "invalid payment arrangement" technique to illegally and wrongfully repossess and sale of Plaintiff's vehicle. Plaintiff asserts the Truist dba BB&T representative said "okay, in agreeance at the time the "payment arrangement, payment agreement" was made, and Truist

dba BB&T representative failed to specifically state the 10 days to include or exclude weekends, and failed to immediately state that Plaintiff's payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to Plaintiff at the time of the payment arrangement and then now rely on that as a legal defense at Truist discretion.

20. Plaintiff further asserts that if a full scale investigation was not conducted to thoroughly investigate the dispute to obtain supportive evidence of which the three credit bureaus, the co-defendants Equifax, Experian, and TransUnion LLC and the creditor, the Defendant, Truist failed to provide to Plaintiff pertinent information regarding Truist dba BB&T, therefore there exist an inability to make an unbiased determination based on supportive evidence that has not been provided as proof. Plaintiff challenge the accuracy, compliance and reportability of the co-defendant, Equifax credit report listing in Plaintiff's name reported by the creditor, the Defendant Truist. Plaintiff request viable evidence from the co-defendant, Equifax to validate this information with Truist dba BB&T, and provide Plaintiff with copies of any documentation associated with the Truist dba BB&T account, bearing Plaintiff's signature. Plaintiff requests upon receipt of a thorough investigation that this information be removed/deleted from Plaintiff's credit report.

21. Plaintiff requested viable evidence from Defendant Truist and co-defendant Equifax of a description of the procedure used to determine the accuracy and completeness of the information, and to provide evidence within fifteen (15) days of the completion of Equifax and Truist re-investigation. To date, Truist and Equifax have failed to provide Plaintiff the requested information. Plaintiff request that the Defendant Truist, and co-defendant Equifax provide the name, address, and telephone number of each person contacted regarding the alleged account.

Plaintiff request a copy of any documents provided bearing Plaintiff's signature, showing that Plaintiff have a legally binding contractual obligation to pay Truist dba BB&T the exact amount claimed.   To date, Plaintiff has not received the requested information from the Defendant, Truist, or the co-defendant, Equifax.

6.

**WHEREFORE**, the Plaintiff prays the Court will take jurisdiction of this action and set the necessary evidentiary hearing and move for a declaratory judgment in favor of the Plaintiff, and Plaintiff respectfully requests that the Court grant this complaint and supporting documents into record, and move to strike and void the Defendants Motion to Dismiss against the Plaintiff, and grant a judgment ruling for the compensatory and punitive damages, including additional damages the Plaintiff seek and further relief as the Court deems just and proper.

Respectfully submitted this 5th day of September 2023.

_s/ Regina Greene_
Regina Greene
5312 Lansdowne Drive
Mobile, Alabama 36693
Telephone: (251) 786-8556
Facsimile: (251) 301-7353
Rtg724@gmail.com

Plaintiff, pro se
Regina Greene

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 5th day of September, 2023:

Truist
Truist Bank – Asset Disposition
MC: CSRVW 7951
P.O. Box 85052
Richmond, VA. 23285
*Counsel for Defendant*, Truist Bank
Ryli W. Leader and David A. Elliott
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL. 35203

Truist
Truist dba BB&T
P.O. Box 1626
Wilson, NC. 27894-1626
*Counsel for Defendant*, Truist Bank
Ryli W. Leader and David A. Elliott
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL. 35203

Seyfarth Shaw LLP
c/o Equifax
1075 Peachtree Street NE, Suite 2500
Atlanta, GA. 30309-3958
*Counsel for Defendant*, Equifax
Seyarth Shaw LLP

Experian
P.O. Box 4000
Allen, TX. 75013

TransUnion, LLC
P.O. Box 2000
Chester, PA. 19022

s/ *Regina Greene*
*Plaintiff, pro se*

# EXHIBIT A

**TRUIST** ⊞

Client Advocacy
P.O. Box 85024
Richmond, VA 23285-5024
Tel 844-4TRUIST

Lisa Johnson
Client Resolution Senior Specialist

August 9, 2023

Regina T. Greene
5312 Lansdowne Dr.
Mobile, AL 36693-0546

Re:    Auto Loan Account ending in 2404-1101
        Case 07/11/2023-7845900

Dear Ms. Greene:

We are responding to you concerning the correspondence you sent regarding the account listed above. Thank you for sharing your concerns and providing us the opportunity to respond.

A response was previously provided to the Alabama Attorney General in regard to your concerns. The response was sent on May 26, 2023 (copy enclosed).

As we stated in the previous response, you were informed of what needed to be done to get the account out of repossession. There was no agreement made on any of the calls you mentioned. In addition, you declined to make a promise to pay within the 10-day timeframe. The loan account was charged-off (closed with a balance owed) with a balance of $11,769.08 on June 27, 2023. We recommend contacting our Truist Recovery Department at 888-765-1808, to discuss your payment obligations and get payment options.

All of the loan terms originally agreed to in the transaction documents you signed to obtain this auto loan remain valid and enforceable throughout the life of the loan. These terms are in no way compromised, altered or amended by your sending the above referenced correspondence. Since this account was charged-off, the funds are owed by you. In addition, we respectfully decline to provide you with compensation.

Truist Bank is required to provide accurate credit information to the credit bureaus to which we report. Based on this and the information we have on record, the account is being accurately reported as 30 days past due in May, November and December 2022; 60 days past due in July and August 2022, and January 2023; and 90 days or more past due in February and March 2023 by Equifax and Experian. These bureaus also show a repossession in April and May 2023, and that the account is charged off. TransUnion has no payment history to provide but reports the account as an unpaid charged off. For this reason, we regret that we are unable to comply with your request to remove the reporting.

This communication is an attempt to collect a debt and any information you provide, whether written or verbal, will be used for that purpose. However, if your debt is discharged in bankruptcy or you are protected by the automatic stay in a bankruptcy proceeding, Truist recognizes that you may not be liable for this debt and this letter is not an attempt to collect a debt but is being sent for notice purposes only.

Regina T. Greene
August 9, 2023
Page 2

We have received multiple credit bureau disputes from you, all of which were denied. If you have any documentation or written correspondence that you believe would provide evidence that current reporting is inaccurate, please forward it to Credit Bureau Disputes, P.O. Box 849, Wilson, NC 27894. We will be glad to review any additional documentation you send us regarding this issue or any questions you may have.

Your comments about the quality of service are very important to us and were shared with the appropriate management teams. The information you provided helps us to know where the emphasis for future training and process improvement efforts may be best utilized. We learn how and where we can improve from clients like you, taking the time to share your experiences.

Truist acts in accordance with all State and Federal laws and regulations and denies the allegations of wrongdoing. Enclosed please find your contract and loan payment history. Please review each in its entirety particularly the contract that outlines your obligation to make on-time payments, and what will occur when you default on the loan. Your loan payment history demonstrates that we reported your account accurately to the credit bureaus.

Ms. Greene, we have fully researched and previously addressed the issues raised. Given that there is no new information concerning this matter, the Bank's position remains unchanged, and we consider the associated case resolved and closed.

Sincerely,

*Lisa Johnson*

Lisa Johnson
Client Resolution Senior Specialist
Consumer Regulatory & Executive Services Team

Enclosures:  Including State and Federal Disclosures HB-NHB

This communication is an attempt to collect a debt and any information you provide, whether written or verbal, will be used for that purpose. However, if your debt is discharged in bankruptcy or you are protected by the automatic stay in a bankruptcy proceeding, Truist recognizes that you may not be liable for this debt and this letter is not an attempt to collect a debt but is being sent for notice purposes only.

**TRUIST HH**

P.O. Box 85024
Richmond, VA 23285-5024
Tel 844-4TRUIST

Lisa Johnson
Client Resolution Specialist

May 26, 2023

Regina T. Greene
5312 Lansdowne Dr.
Mobile, AL 36693-5046

Re:    Truist Auto Loan Account ending in 2404-1101
        Alabama Attorney General Case 211486-002

Dear Ms. Greene:

We are responding to you concerning the complaint you filed with the Attorney General regarding the repossession of the vehicle securing the above-referenced loan. I understand that you did not have a positive experience, and I regret any inconvenience this situation caused. Thank you for sharing your concerns and providing us the opportunity to respond.

We have received and reviewed your concerns about your call to our Loss Prevention Team. On April 24, 2023, you spoke with Patrick Counts in regard to the account listed above. Mr. Counts reviewed the information for the said arrangements for the account. The arrangements could not be set unless they are under 60 days past due within 10 days of the first call.

On May 5, 2023, Mr. Counts reached out to you, advising of how to handle the account. To get the car back the amount required is $5,147.43. The full breakdown of this is: Past due payments - $1,909.43, Repossession Fee - $655.00, and Principal Reduction - $2,583.00. Also, we are not holding off on the auction process unless redemption amounts are paid.

Your comments about your experience have been noted and shared with the appropriate management team.  We regret any misunderstanding that occurred in this situation.

Ms. Greene, while we can sympathize with the situation and understand this is not the desired resolution, if you have any further questions or concerns, please don't hesitate to contact the Repo Department at 888-822-3579

Sincerely,

*Lisa Johnson*
Lisa Johnson
Client Resolution Specialist
Consumer Regulatory & Executive Services Team

Enclosure: State and Federal Disclosures HB-NHB

Copy to:    Alabama Attorney General

This communication is an attempt to collect a debt and any information you provide, whether written or verbal, will be used for that purpose. However, if your debt is discharged in bankruptcy or you are protected by the automatic stay in a bankruptcy proceeding, Truist recognizes that you may not be liable for this debt and this letter is not an attempt to collect a debt but is being sent for notice purposes only.

LAW 553-AL-ARB-eps-14 12/19

**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE**
**(WITH ARBITRATION PROVISION)**

DEAL# 24294
STK # P24958
CUST# 24988

026476

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| 251 & PARK LLC 5312 Lansdowne Dr Mobile, AL 36693 Mobile COUNTY | Regina T Greene 5312 Lansdowne Dr Mobile, AL 36693 Mobile COUNTY | MERCEDES BENZ OF MOBILE 3080 DAUPHIN STREET MOBILE, AL 36606 251/472 2369 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2018 | MERCEDES GLC300W | WDC0G4JBXJV024968 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ N/A |

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 8.86 % | $ 10663.61 | $ 35830.39 | $ 46494.00 | $ 46494.00 |

(e) means an estimate

### Your Payment Schedule Will Be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 645.75 | Monthly beginning 10/15/2020 |
| N/A | $ N/A | N/A |
| | N/A | |

Late Charge. If payment is not received in full within __10__ days after it is due, you will pay a late charge of $ __18.00__ or __5__ % of the part of the payment that is late, whichever is greater, not to exceed $100.00.

Prepayment. If you pay early, you will not have to pay a penalty.

Security Interest. You are giving us a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

### APPLICABLE LAW
Federal law and the law of the state of Alabama apply to this contract.

**Returned Check Charge:** If any check you give to us is dishonored, you will repay us the charge we pay the bank for the return of the dishonored check. At our option, instead of asking you to repay us the charge we pay the bank, we may charge you $30 or such greater amount as the law permits.

### SERVICING AND COLLECTION CONTACTS
You agree that we may try to contact you in writing, by e-mail, or using pre-recorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

### WARRANTIES SELLER DISCLAIMS
Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _Regina T Greene_    Co-Buyer Signs X _Regina T Greene_

09/29/2020, 04:08 pm
77567*1*MB-FI

Buyer Initials    Co-Buyer Initials    LAW 553-AL-ARB-eps-14 12/19 v1    Page 1 of 4

## ITEMIZATION OF AMOUNT FINANCED

1  Cash Price (including $ ___1318.39___ sales tax)  $ ___30569.39___ (1)

2  Total Downpayment =

Trade-in N/A ___N/A___ ___N/A___
   (Year)   (Make)   (Model)

| | |
|---|---|
| Gross Trade-In Allowance | $ ___N/A___ |
| Less Pay Off Made By Seller to ___N/A___ | $ ___N/A___ |
| Equals Net Trade In | $ ___N/A___ |
| + Cash | $ ___N/A___ |
| + Other ___N/A___ | $ ___N/A___ |
| + Other ___N/A___ | $ ___N/A___ |
| + Other ___N/A___ | $ ___N/A___ |
| (If total downpayment is negative, enter "0" and see 4H below) | $ ___0.00___ (2) |

3  Unpaid Balance of Cash Price (1 minus 2)  $ ___30569.39___ (3)

4  Other Charges Including Amounts Paid to Others on Your Behalf
(Seller may keep part of these amounts):

A  Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
  Life   $ ___N/A___
  Disability   $ ___N/A___  $ ___N/A___

B  Other Optional Insurance Paid to Insurance Company or Companies  $ ___N/A___

C  Optional Gap Contract  $ ___850.00___

D  Official Fees Paid to Government Agencies  $ ___N/A___

E  Government Taxes Not Included in Cash Price  $ ___N/A___

F  Government License and/or Registration Fees
  ___N/A___
  ___N/A___  $ ___N/A___

G  Government Certificate of Title Fees  $ ___16.50___

H  Other Charges (Seller must identify who is paid and describe purpose)

| to | for | | $ |
|---|---|---|---|
| N/A | for Prior Credit or Lease Balance | | N/A |
| MERCEDES BENZ OF MOBILE | for DOC FEE | | 699.50 |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |
| MERCEDES BENZ ELW | for SERVICE CONTRACT | | 3695.00 |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |
| N/A | for N/A | | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf  $ ___5261.00___ (4)

5  Amount Financed (3 + 4)  $ ___35830.39___ (5)

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before ___N/A___ , Year ___N/A___ , SELLER'S INITIALS ___N/A___

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4C of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___72___ Mos.  EASYCARE
               Name of Gap Contract

I want to buy a gap contract.
Buyer Signs *(signatures)*

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

Check the insurance you want and sign below:

### Optional Credit Insurance
☐ Credit Life:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability:  ☐ Buyer  ☐ Co-Buyer  ☐ Both
Premium:
  Credit Life $ ___N/A___
  Credit Disability $ ___N/A___
Insurance Company Name ___N/A___
___N/A___
Home Office Address ___N/A___
___N/A___

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance
☐ ___N/A___  ___N/A___
  Type of Insurance  Term
Premium $ ___N/A___
Insurance Company Name ___N/A___
___N/A___
Home Office Address ___N/A___
___N/A___
☐ ___N/A___  ___N/A___
  Type of Insurance  Term
Premium $ ___N/A___
Insurance Company Name ___N/A___
___N/A___
Home Office Address ___N/A___
___N/A___

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X ___N/A___  ___N/A___
Buyer Signature    Date

X ___N/A___  ___N/A___
Co-Buyer Signature    Date

THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.

---

Buyer Initials *(initials)*  Co-Buyer Initials *(initials)*

09/28/2020, 04:08 pm
77567*1*MB-FI
LAW 553-AL-ARB-eps-14 12/19 v1  Page 2 of 4

## 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment first to the earned and unpaid part of the Finance Charge, and then to the unpaid part of the Amount Financed as the law allows.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is more than one and one half times as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you have the right to refinance the balloon payment when it is due without penalty. You may refinance on terms no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

## 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security interest.**
You give us a security interest in:
- The vehicle and all parts or goods put on it;
- All money or goods received (proceeds) for the vehicle;
- All insurance, maintenance, service, or other contracts we finance for you; and
- All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.**
You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

## 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
- You do not pay any payment on time;
- You give false, incomplete, or misleading information during credit application;
- You start a proceeding in bankruptcy or one is started against you or your property; or
- You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe who is not our salaried employee and the Amount Financed exceeds $300, you will pay the attorney's reasonable fee and court costs as the law allows. The maximum attorney's fee you will pay will be 15% of the amount you owe after default.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully, and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

Buyer Initials ___  Co-Buyer Initials ___

09/28/2020, 04:08 pm
77567*1*MB-FI
LAW 553-AL-ARB-eps-14 12/19 v1        Page 3 of 4

DEAL# 24294

## ARBITRATION PROVISION
### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

---

HOW THIS CONTRACT CAN BE CHANGED. This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
See the rest of this contract for other important agreements. Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.

You agree to the terms of this contract and any dispute resolution agreement you signed with this contract. You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

Buyer Signs X _____ Date 08/31/2020   Co-Buyer Signs X _____ Date 08/31/2020
Buyer Printed Name 2M & PARK LLC   Co-Buyer Printed Name Regine T Greene

If the "business" use box is checked in "Primary Use for Which Purchased": Print Name N/A _____ Title N/A

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X  N/A _____ Address N/A _____
Seller signs MERCEDES BENZ OF MOBILE   Date 08/31/2020   By X _____ Title _____

Seller assigns its interest in this contract to  SUNTRUST BANK   (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse   ☒ Assigned without recourse   ☐ Assigned with limited recourse
Seller
By X  MERCEDES BENZ OF MOBILE _____ Title _____

LAW FORM NO. 553-AL-ARB-eps-14 (REV 12/12)
©2015 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

LAW 553-AL-ARB-eps-14 12/19 v1   Page 4 of 4



Truist Bank
P.O. Box 85052
Mail code 306 40 06 60
Richmond, VA 23285-5052
Tel. 888 461 8862
TDD. 888 833 4228

August 24, 2023

Regina Greene
5312 Lansdowne Drive
Moble, Alabama  36693

RE:  Account Number ending in: 1101

Dear Client:

Truist has received and reviewed your correspondence requesting validation of the debt for the above referenced account.  We appreciate the opportunity to respond.

Enclosed you will find:

- Application

Other:

All loan terms originally agreed to in the transaction documents you signed remain valid and enforceable throughout the life of the loan. These terms are in no way compromised, altered or amended by the above referenced correspondence.

We have reviewed your account in full and feel this is a complete and thorough response to your request. Please consider this matter closed. If you have more specific information regarding an error you believe occurred, please submit and we will be happy to review.

If you think the information Truist Bank has provided to credit reporting agencies for your account(s) is inaccurate, please submit a written dispute and supporting documentation to:

Truist Bank
ATTN:  Credit Reporting Disputes
PO Box 85052
Mail code: 306.40.06.60
Richmond, VA 23285-5052

If you have any questions, please contact us at 888.461.8862, Monday through Friday 8 a.m. to 8 p.m. E.T., or Saturday 8 a.m. to 5 p.m. E.T.

Sincerely,

General Transaction Services
Truist Bank

Enclosure(s):     Important Federal and State Disclosures

TS-037 (Rev 3/23/22)

LAW 553-AL-ARB-eps-14 12/19

DEAL# 24204
STK # P24968
CUST# 24688

**RETAIL INSTALLMENT SALE CONTRACT – SIMPLE FINANCE CHARGE**
**(WITH ARBITRATION PROVISION)**

026476

| Buyer Name and Address (Including County and Zip Code) | Co-Buyer Name and Address (Including County and Zip Code) | Seller-Creditor (Name and Address) |
|---|---|---|
| 251 & PARK LLC 5312 Lansdowne Dr Mobile,   AL 36693 Mobile   COUNTY | Regina T Greene 5312 Lansdowne Dr Mobile,   AL 36693 Mobile   COUNTY | MERCEDES BENZ OF MOBILE 3080 DAUPHIN STREET MOBILE, AL 36606 251/472 2360 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Seller - Creditor (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used | Year | Make and Model | Vehicle Identification Number | Primary Use For Which Purchased |
|---|---|---|---|---|
| USED | 2018 | MERCEDES GLC300W | WDC0G4JBXJV024968 | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural   ☐ N/A |

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ 0.00 is |
|---|---|---|---|---|
| 8.86 % | $ 10663.61 | $ 35830.39 | $ 46494.00 | $ 46494.00 |

(e) means an estimate

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 72 | $ 645.75 | Monthly beginning 10/15/2020 |
| N/A | $ N/A | N/A |

N/A

**Late Charge.** If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ ___15.00___ or ___5___ % of the part of the payment that is late, whichever is greater, not to exceed $100.00.

**Prepayment.** If you pay early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

#### APPLICABLE LAW

Federal law and the law of the state of Alabama apply to this contract.

**Returned Check Charge:** If any check you give to us is dishonored, you will repay us the charge we pay the bank for the return of the dishonored check. At our option, instead of asking you to repay us the charge we pay the bank, we may charge you $30 or such greater amount as the law permits.

#### SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using pre-recorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**Used Car Buyers Guide.** The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.
**Spanish Translation:** Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

#### WARRANTIES SELLER DISCLAIMS

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.
This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

Agreement to Arbitrate: By signing below, you agree that, pursuant to the Arbitration Provision on page 4 of this contract, you or we may elect to resolve any dispute by neutral, binding arbitration and not by a court action. See the Arbitration Provision for additional information concerning the agreement to arbitrate.

Buyer Signs X _____   Co-Buyer Signs X _____

Buyer Initials _____   Co-Buyer Initials _____

DEAL# 24294

## ITEMIZATION OF AMOUNT FINANCED

1 Cash Price (including $ ___1318.39___ sales tax) $ ___30569.39___ (1)

2 Total Downpayment =

Trade-In __N/A__    __N/A__    __N/A__
       (Year)    (Make)     (Model)

| | | |
|---|---|---|
| Gross Trade-In Allowance | $ | N/A |
| Less Pay Off Made By Seller to __N/A__ | $ | N/A |
| Equals Net Trade In | $ | N/A |
| + Cash | $ | N/A |
| + Other __N/A__ | $ | N/A |
| + Other __N/A__ | $ | N/A |
| + Other __N/A__ | $ | N/A |

(If total downpayment is negative, enter "0" and see 4H below) $ ___0.00___ (2)

3 Unpaid Balance of Cash Price (1 minus 2) $ ___30569.39___ (3)

4 Other Charges Including Amounts Paid to Others on Your Behalf

(Seller may keep part of these amounts):

A Cost of Optional Credit Insurance Paid to Insurance Company or Companies.
   Life                      $ ___N/A___
   Disability              $ ___N/A___    $ ___N/A___

| | | |
|---|---|---|
| B Other Optional Insurance Paid to Insurance Company or Companies | $ | N/A |
| C Optional Gap Contract | $ | 850.00 |
| D Official Fees Paid to Government Agencies | $ | N/A |
| E Government Taxes Not Included In Cash Price | $ | N/A |
| F Government License and/or Registration Fees | | |
|    N/A | | |
|    N/A | $ | N/A |
| G Government Certificate of Title Fees | $ | 16.50 |

H Other Charges (Seller must identify who is paid and describe purpose)

| | | | | |
|---|---|---|---|---|
| to N/A | for Prior Credit or Lease Balance | $ | N/A |
| to MERCEDES BENZ OF MOBILE | for | DOC FEE | $ | 699.50 |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |
| to MERCEDES BENZ ELW | for | SERVICE CONTRACT | $ | 3695.00 |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |
| to N/A | for | N/A | $ | N/A |

Total Other Charges and Amounts Paid to Others on Your Behalf $ ___5261.00___ (4)

5 Amount Financed (3 + 4) $ ___35830.39___ (5)

OPTION: ☐ You pay no finance charge if the Amount Financed, Item 5, is paid in full on or before

    __N/A__ , Year __N/A__ . SELLER'S INITIALS __N/A__

### NO COOLING OFF PERIOD
State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.

OPTIONAL GAP CONTRACT. A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in Item 4C of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term ___72___ Mos.        **EASYCARE**
                       Name of Gap Contract

I want to buy a gap contract. _(signature)_

Buyer Signs _Regina T. Greene_    _Regina T. Greene_

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose. You may also provide the physical damage insurance through an existing policy owned or controlled by you that is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

#### Check the insurance you want and sign below:
### Optional Credit Insurance

☐ Credit Life:   ☐ Buyer  ☐ Co-Buyer  ☐ Both
☐ Credit Disability: ☐ Buyer  ☐ Co-Buyer  ☐ Both

Premium:
   Credit Life $ ___N/A___
   Credit Disability $ ___N/A___
Insurance Company Name __N/A__
__N/A__
Home Office Address ___N/A___
__N/A__

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not to buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 4A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

#### Other Optional Insurance

☐ ___N/A___       ___N/A___
   Type of Insurance       Term
Premium $ ___N/A___
Insurance Company Name __N/A__
__N/A__
Home Office Address ___N/A___
__N/A__

☐ ___N/A___       ___N/A___
   Type of Insurance       Term
Premium $ ___N/A___
Insurance Company Name __N/A__
__N/A__
Home Office Address ___N/A___
__N/A__

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X N/A                  N/A
Buyer Signature               Date

X N/A                  N/A
Co-Buyer Signature            Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS.**

---

Buyer Initials _(initials)_      Co-Buyer Initials _(initials)_

**OTHER IMPORTANT AGREEMENTS**

DEAL# 24204

1. **FINANCE CHARGE AND PAYMENTS**

   a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

   b. **How we will apply payments.** We may apply each payment first to the earned and unpaid part of the Finance Charge, and then to the unpaid part of the Amount Financed as the law allows.

   c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

   d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

   e. **Your right to refinance a balloon payment.** A balloon payment is a scheduled payment that is more than one and one half times as large as the average of your earlier scheduled payments. If you are buying the vehicle primarily for personal, family, or household use, you have the right to refinance the balloon payment when it is due without penalty. You may refinance on terms no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

2. **YOUR OTHER PROMISES TO US**

   a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

   b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

   c. **Security interest.**
   You give us a security interest in:
   • The vehicle and all parts or goods put on it;
   • All money or goods received (proceeds) for the vehicle;
   • All insurance, maintenance, service, or other contracts we finance for you; and
   • All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.
   This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

   d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may, if we choose, buy physical damage insurance. If we decide to buy physical damage insurance, we may either buy insurance that covers your interest and our interest in the vehicle, or buy insurance that covers only our interest. If we buy either type of insurance, we will tell you which type and the charge you must pay. The charge will be the premium for the insurance and a finance charge computed at the Annual Percentage Rate shown on page 1 of this contract or, at our option, the highest rate the law permits.
   If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

   e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

3. **IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES**

   a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments.
   If you pay late, we may also take the steps described below.

   b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once. Default means:
   • You do not pay any payment on time;
   • You give false, incomplete, or misleading information during credit application;
   • You start a proceeding in bankruptcy or one is started against you or your property; or
   • You break any agreements in this contract.
   The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

   c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe who is not our salaried employee and the Amount Financed exceeds $300, you will pay the attorney's reasonable fee and court costs as the law allows. The maximum attorney's fee you agree to pay is 15% of the amount you owe after default.

   d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device (such as GPS), you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you. If you do not ask for these items back, we may dispose of them as the law allows.

   e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, you may pay to get it back (redeem). We will tell you how much to pay to redeem. Your right to redeem ends when we sell the vehicle.

   f. **We will sell the vehicle if you do not get it back.** If you do not redeem, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.
   We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us unless the law provides otherwise. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

   g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, you agree that we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

Buyer Initials ___    Co-Buyer Initials ___

09/28/2020, 04:08 pm
77567*1*MB-FI

LAW 553-AL-ARB-eps 14 12/19 v1    Page 3 of 4

## ARBITRATION PROVISION

### PLEASE REVIEW - IMPORTANT - AFFECTS YOUR LEGAL RIGHTS

1. **EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.**
2. **IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.**
3. **DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.**

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Provision shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. You may choose the American Arbitration Association (www.adr.org) or any other organization to conduct the arbitration subject to our approval. You may get a copy of the rules of an arbitration organization by contacting the organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law and the applicable statute of limitations. The arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will pay your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $5000, unless the law or the rules of the chosen arbitration organization require us to pay more. The amount we pay may be reimbursed in whole or in part by decision of the arbitrator if the arbitrator finds that any of your claims is frivolous under applicable law. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Provision, then the provisions of this Arbitration Provision shall control. Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration. Any award by the arbitrator shall be in writing and will be final and binding on all parties, subject to any limited right to appeal under the Federal Arbitration Act.

You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies, such as repossession, or by filing an action to recover the vehicle, to recover a deficiency balance, or for individual injunctive relief. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Provision shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Provision, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Provision shall be unenforceable.

---

**The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.**

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs X _____ Co-Buyer Signs X _____
If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.
**See the rest of this contract for other important agreements.** Any dispute resolution agreement you sign with us or an assignee of this contract will apply to claims related to this contract.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

**You agree to the terms of this contract and any dispute resolution agreement you signed with this contract.** You confirm that before you signed this contract and any dispute resolution agreement, we gave them to you, and you were free to take them and review them. You acknowledge that you have read all pages of this contract, including the arbitration provision above, before signing below. You confirm that you received a completely filled-in copy of these documents when you signed them.

**CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

Buyer Signs X _____ Date 08/31/2020    Co-Buyer Signs X _____ Date 08/31/2020
Buyer Printed Name **2M & PARK LLC**    Co-Buyer Printed Name **Regina T Greene**
If the "business" use box is checked in "Primary Use for Which Purchased": Print Name **N/A**    Title **N/A**
Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here X _____ **N/A**    Address _____ **N/A**
Seller signs **MERCEDES BENZ OF MOBILE**    Date 08/31/2020    By X _____    Title _____

Seller assigns its interest in this contract to **SUNTRUST BANK**    (Assignee) under the terms of Seller's agreement(s) with Assignee.
☐ Assigned with recourse    ☒ Assigned without recourse    ☐ Assigned with limited recourse
Seller
By X **MERCEDES BENZ OF MOBILE**    Title _____

**ILAW** FORM NO. 553-AL-ARB-eps-14 (REV 12/19)
©2015 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

09/28/2020, 04:08 pm
7756711*MB-FI

LAW 553-AL-ARB-eps-14 12/19 v1   Page 4 of 4

IMPORTANT FEDERAL AND SELECTED STATE DISCLOSURES

- The Servicemembers Civil Relief Act (SCRA) provides important financial and legal protections to service members — including caps on interest rates, stays of certain legal proceedings, protection from eviction, and termination of leases without repercussions. Learn more at www.militaryonesource.mil *(search for "SCRA")*.

- For further information on your loan balance, contact us at the number provided above.

- **No Waiver by Acceptance of Overdue or Partial Payments.** Acceptance of a late payment or an amount less than the amount currently due or amount due to cure/reinstate/redeem does not constitute a waiver of our rights under the terms of the contractual agreement. An acceptance of such a payment does not prevent us from pursuing our rights and remedies as allowable under our agreement and state/federal law, or constitute a future waiver of the requirement for full and timely payment of amounts becoming due thereafter.

- This communication is an attempt to collect a debt and any information you provide, whether written or verbal, will be used for that purpose. However, if your debt is discharged in bankruptcy or you are protected by the automatic stay in a bankruptcy proceeding, we recognize that you may not be liable for this debt and this letter is not an attempt to collect a debt but is being sent for notice purposes only.

  If you are current on your loan account, the notice above is not intended to imply otherwise.

- The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW, Washington DC 20006.

- We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

- Visually impaired customers may request written communications, including this letter, in an alternative, reasonably accommodatable format, as selected by Truist. To make such a request, please contact 866-927-1978.

- Whether you are trying to ward off a potential financial crisis, or just looking for education classes to increase your financial knowledge, consider contacting an accredited nonprofit agency that is a member of the National Foundation for Credit Counseling (NFCC). To locate an NFCC Member Agency in your area, call 800-388-2227.

If you are a resident of Ohio or your property is in Ohio, the following may apply to you.
The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**If you are a Texas resident or your property is in Texas, the following may apply to you.**
- **Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

- FINANCE CHARGES WILL CONTINUE TO ACCRUE ON THE UNPAID BALANCE AT THE CONTRACT RATE. BY DEFERRING ONE OR MORE INSTALLMENTS, YOU WILL PAY MORE FINANCE CHARGES THAN ORIGINALLY DISCLOSED.

If you are a Wisconsin resident or your property is in Wisconsin, the following may apply to you.
No provisions of a marital property agreement, a unilateral statement under Section 766.59, or a court decree under Section 766.70, adversely affects the interest of the creditor unless the creditor, prior to the time credit is granted, is furnished a copy of the agreement, statement or decree, or has knowledge of the adverse provision when the obligation to the creditor is incurred.

© 2023 Truist Financial Corporation. Truist® and the Truist logo are service marks of Truist Financial Corporation. All rights reserved.

**Howard, Stephanie**

| | |
|---|---|
| **From:** | Regina Greene <rtg724@gmail.com> |
| **Sent:** | Tuesday, June 6, 2023 10:30 PM |
| **To:** | ConsumerInterest |
| **Subject:** | Regina Greene v Truist (Case 211486-002) |
| **Attachments:** | image_123986672.JPG; image_123986672.JPG; image_123986672.JPG |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Dear Alabama Attorney General Office:

Please see attachments of supporting documentation.

Thanks,

Regina Greene


Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

50493427124043101000002909430487

251 & PARK LLC
REGINA T GREENE
Loan Account Number: 9142712404-3101
Payment Due Date: 04/15/2023
Amount Due: $2,909.43
Amount Enclosed      $

5045

☐ *Check here if you prefer to have your payment drafted.
*Please provide details on back.

Payment Form

CLA 504 05120072 0717-91-01-00
TRUIST ITEM PROCESSING CENTER
PO BOX 580048
CHARLOTTE NC 28258-0048

⑆520011113⑆   9142712404⑈   1101

---

**CASHIER'S CHECK**

0065572        11-24
Office AU #        121008

SERIAL #: 6557206213

Remitter:        REGINA GREENE
Purchaser:        REGINA GREENE
Purchaser Account:    xxxxxx0987
Operator I.D.:    u828440 u828440
Funding Source:    Electronic Item(s)

ACCOUNT#: 4881-513083

PAY TO THE ORDER OF ***TRUIST***

April 21, 2023

**One Thousand  and 00/100 -US Dollars **

**$1,000.00**

Payee Address:
Memo        ACCT #: 9142712404

VOID IF OVER US $ 1,000.00

WELLS FARGO BANK, N.A.
6391 COTTAGE HILL RD
MOBILE, AL 36609
FOR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER-IF THIS INSTRUMENT IS LOST
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A FEE
AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

**NON-NEGOTIABLE**

**Purchaser Copy**

FBC04 (10/19)    #4294  20230-451

---

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW.  FOR ADDITIONAL SECURITY FEATURES SEE BACK.

0065572        11-24
Office AU #        121008

**CASHIER'S CHECK**

6557206213

Remitter:        REGINA GREENE
Operator I D:    u828440 u828440

PAY TO THE ORDER OF ***TRUIST***

April 21, 2023

**One Thousand  and 00/100 -US Dollars **

**$1,000.00**

Payee Address:
Memo        ACCT #: 9142712404

VOID IF OVER-US $ 1,000.00

WELLS FARGO BANK, N.A.
6391 COTTAGE HILL RD
MOBILE, AL 36609
FOR INQUIRIES CALL (480) 394-3122

_Marena S Cen_
CONTROLLER

⑆6557206213⑆ ⑈121000248⑈ 4861 513083⑈

# TRUIST ⊞

Thanks for banking with us.

It's easy to bank with us online.
Register for online banking
at Truist.com.

PD 04/21/2023 15:29 # 114
CD 04/21/2023 504 8620211 0004

Payment
Consumer loan/Line

Account Number

XXXXXX2404

Amount

$1,000.00

All deposits are subject to verification
and collection from the issuing bank.

Building a better banking experience for
you.

Visit Truist.com or call
844.4TRUIST(844.487.8478).



**me**  Apr 21

to assetdispositionteam ∧



| From | Regina Greene  rtg724@gmail.com |
|------|-------------------------------|
| To   | assetdispositionteam@truist.com |
| Date | Apr 21, 2023, 4:20 PM |

Dear Truist,

Please see attachments of my paid receipt of $1,000 of which I agreed to pay within two to three weeks, as was agreed upon between me and the Truist Representative, Tyshawn on April 6, 2023.

Therefore, please release my vehicle upon receipt of confirmation of payment, and clear my account of this error and any wrong doing, repossession or otherwise made by Truist in a prompt and efficient manner in an effort to honor my agreement I had made with Truist on April 6, 2023.

Thanks in advance for your urgent assistance in



TRUIST

Loan Questions?
Call 1-844-487-8478

5045  5119224  0725-99-02-20  STATEMENT ENCLOSED
251 & PARK LLC
REGINA T GREENE
5312 LANSDOWNE DR
MOBILE AL  36693-5046

Page 1 of 4

| Account Information | |
|---|---|
| Statement Date | 05/29/2023 |
| Loan Account Number | 9142712404-1101 |
| Previous Statement Balance | $33,609.68 |
| Current Interest Rate | 8.860% |
| Accrued Interest as of statement date | $318.18 |
| Current Billing Due Date | 06/15/2023 |
| Past Due Date | 02/15/2023 |

## Amount Due                                        $3,886.82

| Explanation of Amount Due | |
|---|---|
| Regular Payment Amount | $645.75 |
| Current Payment Due | $645.75 |
| Past Due Payment | $2,555.18 |
| Total fees and charges | $685.89 |

### Total Amount Due                                $3,886.82
If payment received after 06/25/2023, $32.28 late fee will be charged.

| Past Payments Breakdown | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $688.95 |
| Interest | $0.00 | $1,921.87 |
| Escrow (Flood Ins) | $0.00 | $0.00 |
| Fees and Charges | $0.00 | $189.18 |
| Total | $0.00 | $2,800.00 |

Loans are subject to credit approval.    Equal Housing Lender.  🏠 Member FDIC

Detach here and mail with your payment in the enclosed envelope. Make check payable to Truist. Be sure to include your loan account number on the check. Allow 7 days for postal delivery

5045

5049142712404110100000388682048 4

☐  *Check here if you prefer to have your payment drafted.
   *Please provide details on back.

Payment Form

251 & PARK LLC
REGINA T GREENE
Loan Account Number: 9142712404-1101
**Payment Due Date: 06/15/2023**
**Amount Due: $3,886.82**
Amount Enclosed        $              .

CLA  504  05120072  0717-91-01-00
TRUIST ITEM PROCESSING CENTER
PO BOX 580048
CHARLOTTE NC 28258-0048

⑆520011113⑆  9142712404⑈  1101

*Auto Loan* 

5045  5120072  0717-91-01-00
251 & PARK LLC
REGINA T GREENE

## Transaction History

| Date | | Description | Amount | Balance |
|------|------|-------------|--------|---------|
| 05/01/2023 | SREP | REPO/FCL COLL ASSMNT | $30.00 | $33,609.68 |
| 05/01/2023 | SREP | REPO/FCL COLL ASSMNT | $150.00 | $33,609.68 |
| 05/01/2023 | SREP | REPO/FCL COLL ASSMNT | $475.00 | $33,609.68 |
| 05/25/2023 | | LATE CHRG ASSESSMENT | $30.89 | $33,609.68 |

**TRUIST** ᄆᄆ

Client Advocacy
P.O. Box 85024
Richmond, VA 23285-5024
Tel 844-4TRUIST

Lisa Johnson
Client Resolution Specialist

May 26, 2023

Regina T. Greene
5312 Lansdowne Dr.
Mobile, AL 36693-5046

Re:    Truist Auto Loan Account ending in 2404-1101
       Alabama Attorney General Case 211486-002

Dear Ms. Greene:

We are responding to you concerning the complaint you filed with the Attorney General regarding the repossession of the vehicle securing the above-referenced loan. I understand that you did not have a positive experience, and I regret any inconvenience this situation caused. Thank you for sharing your concerns and providing us the opportunity to respond.

We have received and reviewed your concerns about your call to our Loss Prevention Team. On April 24, 2023, you spoke with Patrick Counts in regard to the account listed above. Mr. Counts reviewed the information for the said arrangements for the account. The arrangements could not be set unless they are under 60 days past due within 10 days of the first call.

On May 5, 2023, Mr. Counts reached out to you, advising of how to handle the account. To get the car back the amount required is $5,147.43. The full breakdown of this is: Past due payments - $1,909.43, Repossession Fee - $655.00, and Principal Reduction - $2,583.00. Also, we are not holding off on the auction process unless redemption amounts are paid.

Your comments about your experience have been noted and shared with the appropriate management team. We regret any misunderstanding that occurred in this situation.

Ms. Greene, while we can sympathize with the situation and understand this is not the desired resolution, if you have any further questions or concerns, please don't hesitate to contact the Repo Department at 888-822-3579

Sincerely,

Lisa Johnson
Client Resolution Specialist
Consumer Regulatory & Executive Services Team

Enclosure: State and Federal Disclosures HB-NHB

Copy to:    Alabama Attorney General

This communication is an attempt to collect a debt and any information you provide, whether written or verbal, will be used for that purpose. However, if your debt is discharged in bankruptcy or you are protected by the automatic stay in a bankruptcy proceeding, Truist recognizes that you may not be liable for this debt and this letter is not an attempt to collect a debt but is being sent for notice purposes only.

IMPORTANT FEDERAL AND SELECTED STATE DISCLOSURES

- The Servicemembers Civil Relief Act (SCRA) provides important financial and legal protections to service members — including caps on interest rates, stays of certain legal proceedings, protection from eviction, and termination of leases without repercussions. Learn more at www.militaryonesource.mil (search for "SCRA").

- Whether you are trying to ward off a potential financial crisis, or just looking for education classes to increase your financial knowledge, consider contacting an accredited nonprofit agency that is a member of the National Foundation for Credit Counseling (NFCC). To locate an NFCC Member Agency in your area, call 800-388-2227.

- If an amount due is indicated, because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, contact us at the number provided.

- This communication is an attempt to collect a debt and any information you provide, whether written or verbal, will be used for that purpose. However, if your debt is discharged in bankruptcy or you are protected by the automatic stay in a bankruptcy proceeding, we recognize that you may not be liable for this debt and this letter is not an attempt to collect a debt but is being sent for notice purposes only.

If you are current on your loan account, the notice above is not intended to imply otherwise.

- The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Bureau of Consumer Financial Protection, 1700 G Street NW, Washington DC 20006.

- We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report. You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

If you are a resident of Ohio or your property is in Ohio, the following may apply to you.
The Ohio laws against discrimination require that all creditors make credit equally available to all credit worthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**If you are a Texas resident or your property is in Texas, the following may apply to you.**
- **Assert and protect your rights as a member of the armed forces of the United States. If you are or your spouse is serving on active military duty, including active military duty as a member of the Texas National Guard or the National Guard of another state or as a member of a reserve component of the armed forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.**

- FINANCE CHARGES WILL CONTINUE TO ACCRUE ON THE UNPAID BALANCE AT THE CONTRACT RATE. BY DEFERRING ONE OR MORE INSTALLMENTS, YOU WILL PAY MORE FINANCE CHARGES THAN ORIGINALLY DISCLOSED.

If you are a Wisconsin resident or your property is in Wisconsin, the following may apply to you.

- No provisions of a marital property agreement, a unilateral statement under Section 766.59, or a court decree under Section 766.70, adversely affects the interest of the creditor unless the creditor, prior to the time credit is granted, is furnished a copy of the agreement, statement or decree, or has knowledge of the adverse provision when the obligation to the creditor is incurred.

© 2021 Truist Financial Corporation. Truist® and the Truist logo are service marks of Truist Financial Corporation. All rights reserved.

**Howard, Stephanie**

| | |
|---|---|
| **From:** | Regina Greene <rtg724@gmail.com> |
| **Sent:** | Tuesday, June 6, 2023 10:20 PM |
| **To:** | ConsumerInterest |
| **Cc:** | assetdispositionteam@truist.com |
| **Subject:** | Regina T. Greene v. Truist Bank (Alabama Attorney General Case 211486-002) |
| **Attachments:** | image_50424833.JPG; image_50371329.JPG; image_50435073.JPG; image_50428161.JPG |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Dear Alabama Attorney General:

This email is to provide attachments in forthcoming emails and supplement items which are vital to my complaint. Please note, I have also sent the same email letters and written correspondence letters to Truist and the three major credit bureaus via USPS certified mail on May 10, 2023. (See additional forthcoming email attachments for supporting documentation in this case)

The three major credit bureaus replied to me with recent updates, however the three credit bureaus did not provide me with evidence, proof or verification of Truist Bank written response as to how it was verified and reported as accurate. I am now seeking this evidence, proof of verification of Truist written response from all three credit bureaus.

Also attached is a letter that I received dated May 26, 2023 from Truist Bank today on June 6, 2023. I strongly feel I had a very poor experience with Truist regarding this matter, and I shared my issues, concerns and complaints with Truist in my letters sent to Truist via email and sent to Truist via USPS via certified mail. However, to date Truist continuously failed to respond to my issues, concerns and complaints and neglected to open my formal dispute when I called on Wednesday, April 19, 2023 which is the date my vehicle was wrongfully repossessed. Moreover, Truist failed to report my active dispute to the three major credit bureaus.

Lisa Johnson, a Truist Client Resolution Specialist, stated in her response letter to me that the arrangements could not be set unless they are under 60 days past due within 10 days of the first call. However, the Truist staff all have conflicting statements because this was never stated to me by Tyshawn, Whitney, Patrick Counts, nor Brandon Davis. In addition, Lisa Johnson failed to address my complaint of the call that I made to Truist on April 6, 2023 when I spoke with Tyshawn, a Customer Service Representative, and I made payment arrangements to pay within 10 days when I stated I will pay within two to three weeks, and Tyshawn said okay, and therefore the agreement was confirmed by Tyshawn. However, Tyshawn failed to state if the 10 days would need to be 10 calendar days or 10 business days, since Truist is closed on the weekends.

I repeatedly requested for Mr. Patrick Counts to have the supervisor, Mr. Brandon Davis to return my call because I totally disagreed with how Patrick Counts and Whitney, the Truist Repo Representative had conflicting statements as to why my agreement was not honored by Truist, why my account is in repossession, and why my vehicle was repossessed. I informed Patrick Counts the 10 days on any U.S. calendar for that specific month and year, is certainly within the two week period I stated in my two to three week payment arrangement, and Tyshawn failed to provide me a specific date of the 10 days to pay by. Therefore, I am requesting a full scale investigation from the Alabama Attorney General Office regarding this matter and immediately file an injunction to prevent, cease and end the auction process of my vehicle.

Truist has not sympathized, and does not sympathize with me in this matter. The only misunderstandings that occurred in this situation is the fact that Truist has conflicting views of why my account is in repossession, and what Tyshawn, a Truist Customer Service Represent failed to state to me of the 10 days an exact due date to pay by when I made the agreement on April 6, 2023 to pay $1,000 within the two to three weeks. Tyshawn simply said okay to the agreement. Tyshawn failed to state how much needed to be paid by a specific date, and failed to state the exact due date for the 10 days, and failed to state if the 10 days would include each calendar day or not include weekends for the 10 day count, since Truist is closed for the weekends.

In addition, I called the Truist Repo Department on May 10, 2023 and spoke with Asia, who was finally the first person I spoke with who truly expressed her care and concern for me regarding my dispute. Asia asked me if I already filed my formal dispute with Truist yet. I informed Asia I have called Truist numerous times since April 6, 2023 to May 10, 2023, and no one filed my formal dispute with Truist. I also informed Asia that I sent numerous emails to Truist at the email address: assetdispositionteam@truist.com. I also informed Asia that I have not received any response from Truist regarding my dispute via email, and I have repeatedly requested to speak with Brandon Davis, the Truist Supervisor, and I have also emailed Brandon Davis, however to date, I have not received a written reply from Brandon Davis. I informed Asia that I called Truist on May 8, 2023, and I was finally transferred to Brandon Davis. However, I briefly spoke with Brandon Davis because strangely the call ended abruptly during our conversation due to reportedly a sudden "Truist technical issue". I immediately called back and I was informed Brandon Davis was gone for the day, but a message was left that Brandon Davis tried to call me back but no response. I informed the repo representative that Brandon Davis never tried to call me back because my phone never rang, and I immediately called him back because I did not have a missed call from the Truist phone number or a voicemail message on my phone. I immediately left a message for Brandon Davis to return my call, however to date, I never received a return call from Brandon Davis.

Asia then asked me questions regarding my dispute complaint in order to file the formal dispute. After Asia gathered the disputed information, Asia asked me if I could pay $1,909.43 to get the account out of repo. I immediately explained to Asia that I do not have $1,909.43 at the time because I have been paying everyone to take me to and from various places since Truist has wrongfully repossessed my vehicle. I asked Asia if Truist would consider moving the $1,909.43 to the end of the loan by granting a deferment or forbearance to me on my account. Asia immediately confirmed she filed my formal dispute in the system and Asia stated that she sent an email of my dispute and my request to Brandon Davis on May 10, 2023. However, to date I have not and did not receive a formal dispute case number and I still have not received an email or a return call from the Truist Repo Department Supervisor, Brandon Davis. Therefore, this is not the desired resolution I am seeking from Truist.

I strongly feel Truist is negligent and breached the contract. Truist has not sympathized with the situation and it is evident that Truist does not share my concerns in hopes to resolve this matter due to Truist continued negligence and failed actions and/or inactions resulting in the wrongful repossession, the wrongful closure of my Truist account, wrongful reporting of my Truist account to all three major credit bureaus, Truist failure and negligence in not opening my initial formal dispute on April 19, 2023, and Truist continued failed actions in not reporting my open and active dispute to all three major credit bureaus.

Therefore, I desire to seek the immediate return of my vehicle back to me, my Truist account reopened or closed in good standing, the removal/deletion of repossession remark from my credit report at all three credit bureaus, accurate updated reporting to all three credit bureaus, including an offer of settlement or a reasonable resolution commensurate with my compensatory damages, mental anguish, embarrassment and punitive damages due to this ordeal, and the breach of contract, negligence and deception resulting in the wrongful repossession, wrongful closure of my Truist account, the wrongful reporting of my Truist account to all three major credit bureaus, Truist failure and negligence in not opening my initial formal dispute on April 19, 2023, and Truist continued failed actions in not reporting my open and active dispute immediately on April 19, 2023 to all three major credit bureaus. If Truist or the Alabama Attorney General Office have any further questions or concerns, please contact me by email at rtg724@gmail.com and by phone at 251-786-8556.

Sincerely,

2

Regina T. Greene
5312 Lansdowne Drive
Mobile, Alabama 36693-5046

Copy to:

Truist Repo Department email: assetdispositionteam@truist.com

Truist Client Advocacy

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

**Howard, Stephanie**

| | |
|---|---|
| **From:** | Regina Greene <rtg724@gmail.com> |
| **Sent:** | Tuesday, June 6, 2023 10:34 PM |
| **To:** | ConsumerInterest |
| **Subject:** | Fwd: 251 & Park LLC Regina T Greene Account # 9142712404-1101 |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

---------- Forwarded message ---------
From: **Regina Greene** <rtg724@gmail.com>
Date: Tue, Apr 25, 2023 at 1:18 AM
Subject: 251 & Park LLC Regina T Greene Account # 9142712404-1101
To: <assetdispositionteam@truist.com>


251 & Park LLC
Regina Greene
5312 Lansdowne Drive

Truist Bank
2586 James B White Hwy
Whiteville, NC 28472-8974

April 25, 2023

RE: Account # 9142712404-1101

To Whom It May Concern,

I am writing to you because I noticed that my account and my recent credit report contains a late payment(s) reported recently for my Truist account, and also what I feel is a wrongful repossession recently on April 19, 2023 which may soon be reported on my credit reports by Truist.

I want you to know that I understand, and have great respect for my financial obligations.

Unfortunately, at the time of the incident mentioned above, I had financial hardship circumstances that caused me to miss a payment(s) due to my business was adversely impacted due to the Covid-19 pandemic, Hurricane Sally severe damages to my home, and my medical condition, as well as uncollected child support and alimony, and due to a poor economy with lack of suitable employment with livable wages in order for me with a Master Degree to survive and thrive, and assist my son who is a college student. Aside from these unforeseen and unavoidable circumstances, you will see that I have previously had an excellent payment record on my Truist account.

Recently and in the near future, I am planning on continuously applying for employment to obtain a career opportunity with a lucrative salary and apply for a home equity loan, and it has come to my attention that the missed payment(s) on my credit reports and also what I feel is a wrongful repossession recently on April 19, 2023 which may soon be reported

on my credit reports by Truist could hurt my ability to qualify for a security clearance for employment, a home equity loan, and any government assistance which may be offered to me in the near future.

In my heart, I know that the missed payment(s) doesn't reflect my overall creditworthiness and commitment to repaying my debts. I have recently enrolled in a debt relief program to pay off my additional debts within 36 months or less. I am humbly asking for Truist to give me a second chance by making a goodwill adjustment to remove the recent late payment(s) from my credit reports and also remove what I feel is a wrongful repossession with excessive fees from my account recently on April 19, 2023 of which may soon be reported on my credit reports by Truist, and allow me a deferment and/or forbearance of the past due amount, reduce my monthly payments, and release my vehicle back to me upon receipt of this request. As I understand it, you can do so in just a few minutes of your time. I would greatly appreciate it!

Thank you for your consideration.

Have a blessed day!

Best regards,

Regina Greene
5312 Lansdowne Drive
Mobile, AL. 36693

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

**Howard, Stephanie**

| | |
|---|---|
| **From:** | Regina Greene <rtg724@gmail.com> |
| **Sent:** | Tuesday, June 6, 2023 10:37 PM |
| **To:** | ConsumerInterest |
| **Subject:** | Regina Greene v Truist (Case 211486-002) |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Dear Alabama Attorney General Office:

Please see the following email documentation

Thanks,

Regina Greene

---------- Forwarded message ---------
From: **Regina Greene** <rtg724@gmail.com>
Date: Tue, Apr 25, 2023 at 1:18 AM
Subject: 251 & Park LLC Regina T Greene Account # 9142712404-1101
To: <assetdispositionteam@truist.com>

251 & Park LLC
Regina Greene
5312 Lansdowne Drive

Truist Bank
2586 James B White Hwy
Whiteville, NC 28472-8974

April 25, 2023

RE: Account # 9142712404-1101

To Whom It May Concern,

I am writing to you because I noticed that my account and my recent credit report contains a late payment(s) reported recently for my Truist account, and also what I feel is a wrongful repossession recently on April 19, 2023 which may soon be reported on my credit reports by Truist.

I want you to know that I understand, and have great respect for my financial obligations.

Unfortunately, at the time of the incident mentioned above, I had financial hardship circumstances that caused me to miss a payment(s) due to my business was adversely impacted due to the Covid-19 pandemic, Hurricane Sally severe damages to my home, and my medical condition, as well as uncollected child support and alimony, and due to a poor economy with lack of suitable employment with livable wages in order for me with a Master Degree to survive and

1

thrive, and assist my son who is a college student.  Aside from these unforeseen and unavoidable circumstances, you will see that I have previously had an excellent payment record on my Truist account.

Recently and in the near future, I am planning on continuously applying for employment to obtain a career opportunity with a lucrative salary and apply for a home equity loan, and it has come to my attention that the missed payment(s)  on my credit reports and also what I feel is a wrongful repossession recently on April 19, 2023 which may soon be reported on my credit reports by Truist could hurt my ability to qualify for a security clearance for employment, a home equity loan, and any government assistance which may be offered to me in the near future.

In my heart, I know that the missed payment(s) doesn't reflect my overall creditworthiness and commitment to repaying my debts.  I have recently enrolled in a debt relief program to pay off my additional debts within 36 months or less.  I am humbly asking for Truist to give me a second chance by making a goodwill adjustment to remove the recent late payment(s) from my credit reports and also remove what I feel is a wrongful repossession with excessive fees from my account recently on April 19, 2023 of which may soon be reported on my credit reports by Truist, and allow me a deferment and/or forbearance of the past due amount, reduce my monthly payments, and release my vehicle back to me upon receipt of this request.  As I understand it, you can do so in just a few minutes of your time.  I would greatly appreciate it!

Thank you for your consideration.

Have a blessed day!

Best regards,

Regina Greene
5312 Lansdowne Drive
Mobile, AL.  36693

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

**Howard, Stephanie**

| | |
|---|---|
| **From:** | Regina Greene <rtg724@gmail.com> |
| **Sent:** | Tuesday, June 6, 2023 10:40 PM |
| **To:** | ConsumerInterest |
| **Subject:** | Regina Greene v Truist (Case 211486-002) |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Dear Alabama Attorney General Office:

Please see the following email documentation,

Thanks,

Regina Greene

---------- Forwarded message ---------
From: **Regina Greene** <rtg724@gmail.com>
Date: Thu, Apr 27, 2023 at 7:05 PM
Subject: Regina Greene - Complaint Filed (Dispute due to wrongful repossession)
To: <assetdispositionteam@truist.com>

Dear Brandon Davis, Truist Manager

Please be advised I spoke with Angela, a Truist Representative today and I informed her that I filed a consumer complaint with the Alabama Attorney General Office and I spoke with an attorney regarding this wrongful repossession/holding of my vehicle, forfeited and breached my agreement by illegally towing my vehicle from my property within the 10 day timeframe, and Truist failure to release my vehicle back to me after receiving my payment per the agreement made. Truist failed to honor my payment arrangement made on 4/6/23.

I informed Angela with Truist that I paid the $1,000 on 4/21/23 as agreed when I spoke with Tyshawn on 4/6/23. I emailed my receipt to Truist on 4/21/23, however Truist has not replied to my email. I also emailed Truist on 4/24/23 a good will letter in an effort to resolve this matter and obtain my vehicle due to this wrongful repossession, however Truist had not replied to my email.

This is a wrongful repossession due to numerous failures on behalf of Truist. Tyshawn with Truist failed to provide a specific date for my payment to be received by, when I informed Tyshawn that I will pay within 2-3 weeks. Tyshawn simply said ok and therefore the agreement was made and understood as an agreement. I spoke with Whitney who said that I didn't provide a date, and I spoke with Patrick who said I didn't pay within 10 days. All of which are varying statements made by Truist to cover up the wrongful repossession. I informed Whitney that Tyshawn failed in his communication with me and should have stated a specific date, or instructed me to pay by a specific date. I told Patrick that the 10 days Tyshawn stated was not specific either because Tyshawn failed in his communication with me once again because he still didn't provide a specific date, considering Truist is open Monday through Friday, and closed on weekends.

1

Therefore, I strongly feel Truist wrongfully repossessed my vehicle on 4/19/23, which was the 9th day within my agreement period, which forfeited my right to pay in 10 days, of the 2-3 weeks considering Truist is open Monday through Friday, and closed on weekends. I concluded Monday through Friday for the two weeks, as the 10 days because Tyshawn, representative for Truist repeatedly failed to inform me otherwise.

I also inquired about the location of my vehicle on numerous occasions, and was not informed previously, nor today. I was only told that my vehicle would be sold if I do not pay the $5,015.43 difference, and Truist failed to provide a specific date in this communication with me as well.

I was only informed by Angela with Truist to contact Bell and Williams at Ph: 866-661-0475, and provide the last six numbers of my vehicle Vin 024968 to get my personal belongings back. Angela, with Truist stated the vehicle is in the local area. I informed Angela with Truist that I want my belongings and my vehicle back. I requested Angela with Truist to inform you of my emails, and I requested for you to promptly contact me because I have not received a reply from Truist and to inform Truist of this disputed matter regarding the wrongful repossession of my vehicle.

Therefore, this is a disputed matter and Truist has been hereby notified that I filed my consumer complaint with the Alabama Attorney General and I have spoken with an attorney regarding this wrongful repossession. Wherefore, I informed Angela with Truist, that Truist is not above the law and I have filed a dispute against Truist. Therefore, Truist has been notified that I have repeatedly stated that I desire to obtain my vehicle and I strongly feel this is a wrongful repossession. Wherefore, effective immediately Truist must cease and desist any and all attempts regarding my vehicle from any further transactions, transfer of ownership and/or sales, damages, fees, and encumbrances until this matter is resolved in a legal manner.
Sincerely,

Regina Greene

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.

251 & Park LLC
Regina Greene
5312 Lansdowne Drive

Truist Bank
2586 James B White Hwy
Whiteville, NC 28472-8974

May 5, 2023

RE: Account # 9142712404-1101

To Whom It May Concern,

I am writing to you because I noticed that my account and my recent credit report contains a late payment(s) and a repossession reported recently for my Truist account, and also what I feel is a wrongful repossession recently on April 19, 2023 which may soon be reported on my credit reports by Truist.

I want you to know that I understand, and have great respect for my financial obligations.

Unfortunately, at the time of the incident mentioned above, I had financial hardship circumstances that caused me to miss a payment(s) due to my business was adversely impacted due to the Covid-19 pandemic, Hurricane Sally severe damages to my home, and my medical condition, as well as uncollected child support and alimony, and due to a poor economy with lack of suitable employment with livable wages in order for me with a Master Degree to survive and thrive, and assist my son who is a college student. Aside from these unforeseen and unavoidable circumstances, you will see that I have previously had an excellent payment record on my Truist account.

Recently and in the near future, I am planning on continuously applying for employment to obtain a career opportunity with a lucrative salary and apply for a home equity loan, and it has come to my attention that the missed payment(s) on my credit reports and also what I feel is a wrongful repossession recently on April 19, 2023 which may soon be reported on my credit reports by Truist could hurt my ability to qualify for a security clearance for employment, a home equity loan, and any government assistance which may be offered to me in the near future.

In my heart, I know that the missed payment(s) doesn't reflect my overall creditworthiness and commitment to repaying my debts. I have recently enrolled in a debt relief program to pay off my additional debts within 36 months or less. I am humbly asking for Truist to give me a second chance by making a goodwill adjustment to remove the recent late payment(s) from my credit reports and also remove what I feel is a wrongful repossession with excessive fees from my account recently on April 19, 2023 of which may soon be reported on my credit reports by Truist, and allow me a deferment and/or forbearance of the past due amount, reduce my monthly

payments, and release my vehicle back to me upon receipt of this request. As I understand it, you can do so in just a few minutes of your time. I would greatly appreciate it!

Thank you for your consideration.

Have a blessed day!

Best regards,

Regina Greene
5312 Lansdowne Drive
Mobile, AL. 36693

**Tracking Number:**

Remove ✕

# 70222410000112137555

 Copy     Add to Informed Delivery

## Latest Update

Your item has been delivered and is available at a PO Box at 10:35 am on May 17, 2023 in RICHMOND, VA 23261.

---

**Get More Out of USPS Tracking:**

 USPS Tracking Plus®

● **Delivered**
**Delivered, PO Box**

RICHMOND, VA 23261
May 17, 2023, 10:35 am

**Tracking Number:**

Remove ✕

# 70222410000112137586

 Copy      Add to Informed Delivery

## Latest Update

Your item was picked up at a postal facility at 12:35 pm on May 16, 2023 in ATLANTA, GA 30348.

_____

**Get More Out of USPS Tracking:**

 USPS Tracking Plus®

✓ **Delivered**
**Delivered, Individual Picked Up at Postal Facility**

ATLANTA, GA 30348
May 16, 2023, 12:35 pm

 See All Tracking History

**Tracking Number:**                                    Remove ✕

# 70222410000112137586

 Copy      Add to Informed Delivery

## Latest Update

Your item was picked up at a postal facility at 12:35 pm on May 16, 2023 in ATLANTA, GA 30348.

---

**Get More Out of USPS Tracking:**

 USPS Tracking Plus®

 **Delivered**

**Delivered, Individual Picked Up at Postal Facility**

ATLANTA, GA 30348
May 16, 2023, 12:35 pm

See All Tracking History

**Tracking Number:**

Remove ✕

# 70222410000112137579

 Copy      Add to Informed Delivery

## Latest Update

Your item has been delivered and is available at a PO Box at 2:54 pm on May 12, 2023 in ALLEN, TX 75013.



**Get More Out of USPS Tracking:**

USPS Tracking Plus®

 **Delivered**
**Delivered, PO Box**

ALLEN, TX 75013
May 12, 2023, 2:54 pm

Tracking Number: **Remove** ✕

# 70222410000112137562

 Copy     Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the
address at 4:56 pm on May 13, 2023 in
WALLINGFORD, PA 19086.

Get More Out of USPS Tracking:

 USPS Tracking Plus®



✓ Delivered
**Delivered, Left with Individual**

WALLINGFORD, PA 19086
May 13, 2023, 4:56 pm

**Tracking Number:**                                   Remove ✕

# 70222410000112137562

 Copy     Add to Informed Delivery

## Latest Update

Your item was delivered to an individual at the
address at 4:56 pm on May 13, 2023 in
WALLINGFORD, PA 19086.

---

**Get More Out of USPS Tracking:**

 USPS Tracking Plus®



✓ **Delivered**
**Delivered, Left with Individual**

WALLINGFORD, PA 19086
May 13, 2023, 4:56 pm

**Howard, Stephanie**

| | |
|---|---|
| **From:** | Regina Greene <rtg724@gmail.com> |
| **Sent:** | Tuesday, June 6, 2023 11:13 PM |
| **To:** | ConsumerInterest |
| **Subject:** | Regina Greene v Truist (Case 211486-002) |
| **Attachments:** | IMG-1756.PNG; IMG-1757.PNG; IMG-1758.PNG; IMG-1759.PNG; IMG-1760.PNG; IMG-1761.PNG |

This message has originated from an **External Source**. Please use proper judgment and caution when opening attachments, clicking links, or responding to this email.

Dear Alabama Attorney General Office:

Please see attachments of supporting documentation.

Thanks,

Regina Greene

---------- Forwarded message ---------
From: **Regina Greene** <rtg724@gmail.com>
Date: Tue, May 30, 2023 at 12:26 PM
Subject: Regina Greene - Tracking Receipt
To: <Rtg724@gmail.com>

Confidentiality Notice: The information contained in this email and the documents attached hereto contain confidential information intended only for the use of the intended recipients. If the reader of the message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the information contained herein is strictly prohibited. If you have received this communication in error, please immediately notify me by reply email.



# AlaFile
brought to you by alacourt.com

## E-File Receipt

| redit Card: | xxxxxxxxxxx9575 | | Reference Number: | 23DSTJSR | | | |
|---|---|---|---|---|---|---|---|
| ling Fee: | $388.36 Stored Credit Card Fee: | | $0.00 Credit Card Service Fee: | | $15.53 Total: | | $403.89 |

**Document Filed:**

**Electronic Document Stamp:**   CV2023901350006/30/2023 3:44:55 PMd01fd8a5-0577-4d66-bd95-12c4bc42126b

**se Info**

| unty | Case Number | Style | | | | Judge |
|---|---|---|---|---|---|---|
| | CV-2023-901350.00 | Regina Greene v. Experian ET AL | | | | |

**e following Documents were attached to this filing:**

| :le | Description | Size | Pages | Location |
|---|---|---|---|---|
| SC. DOCUMENT | civil cover sheet | 50 | 1 | |
| OMPLAINT | civil cover sheet | 134 | 4 | |

**tice of this filing must be served on the following parties:**

| rty | Name | Address | City | State | Zip | Service |
|---|---|---|---|---|---|---|
| 01 | EXPERIAN | P.O. BOX 4000 | ALLEN | TX | 75013 | Certified Mail |
| 02 | TRUIST BANK-ASSET DISPOSITION | MC:CSRVW 7951 P.O. BOX 85052 | RICHMOND | VA | 23285 | Certified Mail |
| 03 | EQUIFAX | 1550 PEACHTREE ST P.O BOX 740241 | ATLANTA | GA | 30374 | Certified Mail |
| 04 | TRANSUNION, LLC | P.O. BOX 2000 | CHESTER | PA | 19022 | Certified Mail |

Regina Greene
5312 Lansdowne Drive
Mobile, Alabama 36693

251 & Park LLC
5312 Lansdowne Drive
Mobile, AL 36693

Truist Bank – Asset Disposition
MC: CSRVW 7951
P.O. Box 85052
Richmond, VA 23285

Truist Client Advocacy
P.O. Box 85024
Richmond, VA 23285-5024

Equifax
1550 Peachtree St.
P.O. Box 740241
Atlanta, GA. 30374

Experian
P.O. Box 4000
Allen, TX 75013

TransUnion, LLC
P. O. Box 2000
Chester, PA 19022

June 29, 2023

RE: Social Security Number: ████████

To Whom It May Concern:

This letter is my <u>final communication</u> regarding the inaccurate entry being reported under Truist
due to their deception, resulting in a wrongful repossession and wrongful sale of my vehicle, a
2018 Mercedes Benz GLC 300.

Please note that I am requesting "validation", that is competent evidence bearing my signature,
showing that I have (or even had) prior knowledge as to the date of some contractual obligation
of what Truist Bank constitutes as a "valid payment arrangement, valid payment agreement", and
what Truist Bank does not constitute as a "valid payment arrangement, valid payment agreement,
or a non-payment arrangement, non-payment agreement." I am also requesting competent
evidence bearing my signature showing that I have (or even had) prior knowledge of Truist

valid and non-valid payment arrangement policy and responsibility or non-responsibility in
Truist "guiding" or "not guiding" all their customers in the payment arrangement process to
provide a specific date, reconfirm by obtaining a specific date and a specific amount to ensure a
"valid payment arrangement, valid payment agreement" is made, and Truist responsibility or
non-responsibility in ensuring the customer is informed the "specific payment" must be received
by specifically stating to the customer within "10 business days", or "10 actual calendar days." I
am requesting competent evidence bearing my signature showing that I have (or even had) prior
knowledge of Truist "valid payment arrangement policy" ensuring the customer is made aware
of "10 business days" considering Truist is closed on the weekends, or actual "10 calendar days".

Please note that I am also requesting "validation" that is competent evidence bearing my
signature, showing that I have (or even had) prior knowledge as to the date of some contractual
obligation that Truist Bank "valid payment arrangement, valid payment agreement policy" and
Truist Bank "non-payment arrangement, non-payment agreement policy" has a standard protocol
utilized by Truist Bank which is in compliance and enforced by all Truist Bank employees at all
times to all Truist Bank customers. Please note that I am requesting "validation written
evidence", that is competent evidence bearing my signature, showing that I have (or even had)
prior knowledge of the "actual timeframe of business days only, or actual calendar days" counted
as the 10 day timeframe prior to a repossession by Truist Bank. Please note that I am requesting
"validation written evidence" that is in compliance and competent evidence bearing my
signature, showing that I have (or even had) been informed prior to and on April 6, 2023 by
Truist Bank employee of the "actual timeframe of business days only, or actual calendar days"
counted as the 10 day timeframe prior to a repossession by Truist Bank.

Please also be aware that any negative mark found on my credit reports, any deception resulting in
a wrongful repossession due to Truist wrongdoing and deceptive business practices resulting
in the wrongful reporting and wrongful sale of my vehicle (including Experian, Transunion and
Equifax) from your company or any company that you represent, for a debt that I do not owe, is
a violation of the FCRA & FDCPA; therefore if you cannot validate the debt, you must request
that all credit reporting agencies delete the entry.

I have repeatedly asked for evidence to support your reporting, but yet again, you have failed to
provide me with a copy of any viable evidence submitted by Truist substantiating their claims.
Furthermore, I have requested your method of verification, and you have not complied, which is
an additional violation of the Fair Credit Reporting Act 611(a)(7).

Given that I believe you are acting in bad faith, including deception and have not complied with
the Fair Credit Reporting Act, I have filed a Small Claims lawsuit against you. (See attached
lawsuit)

I have maintained careful records of your actions, and you will be required to provide your
written response and plan your presence to appear in the local Court on a date and time specified
by the Court.

I am seeking **$51,000+** in damages for:

| | |
|---|---|
| Commercially reasonable value of the vehicle | $34,000 |
| Inaccurate credit reporting, defamation, financial injury | $5,000+ |
| Failure to report immediate dispute to the credit bureaus | $1,000 |
| Defamation, willful injury / refuse to correct inaccuracies on my personal and business credit | $5,000+ |
| Failed to respond to my written disputes within 30 days of my emails and certified letters | $1,000 |
| Failed to validate debt due to wrongful and fraudulent repossession and continue to pursue collection activity | $1,000 |
| Failed to validate debt due to wrongful and fraudulent repossession and continue to report to credit bureaus | $1,000 |
| Failed to cease and desist the sale of the wrongful repossessed vehicle | $1,000 |
| Use of Harassment and Abuse, did not promptly honor the dispute by not abruptly entering in their system and reporting to credit bureaus | $1,000 |
| Collector must be in same county in which I live when lawsuit filed | $1,000 |
| Violations of the Fair Credit Reporting Act - including but not limited to Section 611 | Amount deemed by the Court |
| Violations of 2006 Alabama Code - Section 7-9A-627 | Amount deemed by the Court |
| Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8) | Amount deemed by the Court |
| Violation of the Fair Credit Reporting Act (including but not limited to Section 623-b) | Amount deemed by the Court |
| Violations of Enforcement of Article 9 Security Interests: The Commercially Reasonable Sale | Amount deemed by the Court |
| Court Costs | Amount deemed by the Court |
| Attorney Fees | Amount deemed by Attorney or the Court |
| Mental Anguish, Emotional Distress, Embarrassment, Deception and Compensatory and Punitive injury | Amount deemed by Attorney or the Court |
| **Grand Total:** | **$51,000+** |

Prior to our court date, if you should decide to enter a settlement agreement and correct your records and remove the negative and false item of repossession in question from my personal credit file and my business credit file with all three major credit bureaus, please contact me at the address below with a satisfactory settlement agreement, and if the settlement is agreed upon, I will subsequently withdraw the lawsuit.

My contact information is as follows:

Regina Greene
SSN ███████████
5312 Lansdowne Drive
Mobile, Alabama 36693

Cc: Consumer Financial Protection Bureau
Cc: Attorney General's Office
Cc: Better Business Bureau

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93  Rev.9/18 | COVER SHEET<br>CIRCUIT COURT – CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>C V ☐☐☐☐ ☐☐☐ ☐☐-☐<br>Date of Filing:    Judge Code:<br>☐☐ ☐☐ ☐☐☐☐ ☐☐☐☐<br>Month    Day    Year |
|---|---|---|

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF _____ Mobile _____, ALABAMA
(Name of County)

Regina Greene _____ v. _____ Trust Bank - Asset Disposition

First Plaintiff | Plaintiff | First Defendant | Defendant
☐ Business ☑ Individual      ☑ Business ☐ Individual
☐ Government ☐ Other      ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☑ TOPE - Personal Property    *Vehicles (Automobile) Account, etc*
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction<br>Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):  F ☑ INITIAL FILING      A ☐ APPEAL FROM      O ☐ OTHER: _____
DISTRICT COURT
R ☐ REMANDED      T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED? ☐ YES ☑ NO      Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED: ☑ MONETARY AWARD REQUESTED      ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
☐☐☐☐☐      6/30/2023      *Regina Greene*
Date                           Signature of Attorney/Party filing this form

MEDIATION REQUESTED:  ☐ YES ☑ NO ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions: ☑ Yes ☐ No

| State of Alabama Unified Judicial System<br><br>Form PS-24    Rev. 4/2018 | ELECTION TO RECEIVE COURT NOTICES BY E-MAIL OR TEXT IN LIEU OF FIRST-CLASS MAIL | |

In the District/Circuit Court of __Mobile__ County, Alabama

CASE NUMBERS: _____ _____ _____

_____ _____

I, __Regina Greene__, a party to the above listed case hereby elect to receive court notices in this matter by e-mail and/or text. I understand that by choosing notice by e-mail/text, I will not receive notice through the postal service.

I understand to cancel this election to receive notice by e-mail/text, I must do so in writing to the Circuit Clerk.

I recognize my election to receive notice by e-mail/text or to cancel that election does not affect the service due my attorney through the court's electronic filing system, or to myself if I am a registered user of the electronic filing system.

I understand that it is my responsibility to immediately notify the clerk's office should my e-mail address, phone number, or other contact information change, or if there are any other problems that would prevent receiving notice from the court.

By agreeing to receive text messages about my case, I understand that STANDARD FEES AND TEXT MESSAGING RATES MAY APPLY BASED ON MY PLAN WITH MY MOBILE DEVICE CARRIER. I understand that I am responsible for any such fees. I understand that the court cannot guarantee text message delivery. Text messages are merely a courtesy, and it is my responsibility to monitor my registered email address regularly for all notices.

SIGNED: __Regina Greene__          DATE: __6/30/23__

PRINTED NAME: __Regina Greene__

PRINTED E-MAIL ADDRESS: (Required. Please Print Legibly)

__Rtg724__ @ __gmail.com__ CELL

PHONE NUMBER: __(251)786-8556__

CELL PHONE CARRIER: __T-Mobile__

| State of Alabama<br>Unified Judicial System<br><br>Form C-34    Rev. 4/2017 | SUMMONS<br>-CIVIL- | Court Case Number |
| --- | --- | --- |

IN THE _Circuit_ COURT OF _Mobile_ COUNTY, ALABAMA
*(Circuit, District, or Juvenile)*    *(Name of County)*

_Regina Greene_ v. _Truist Bank-Asset Disposition_
*[Name(s) of Plaintiff(s)]*    *[Name(s) of Defendant(s)]*

NOTICE TO: _MC:CSRVW 7951, P.O. Box 85052, Richmond, VA. 23285_
*(Name and Address of Defendant)*  _Truist Bank-Asset Disposition_

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _Regina Greene_ , WHOSE
*[Name(s) of Attorney(s)]*

ADDRESS(ES) IS/ARE: _5312 Lansdowne Dr. Mobile, AL. 36693_
*[Address(es) of Plaintiff(s) or Attorney(s)]*

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN_____DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
*[Name(s)]*

pursuant to the Alabama Rules of Civil Procedure.

_____    _____    By: _____
*(Date)*    *(Signature of Clerk)*    *(Name)*

☐ Certified Mail is hereby requested.    _____
*(Plaintiff's/Attorney's Signature)*

---

RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on_____
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*    *(Name of County)*

Alabama on_____
*(Date)*

_____    _____    _____
*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

_____    _____
*(Server's Printed Name)*    *(Phone Number of Server)*

State of Alabama
Unified Judicial System

Form C-34    Rev. 4/2017

# SUMMONS
## -CIVIL-

Court Case Number

IN THE _Circuit_ COURT OF _Mobile_ COUNTY, ALABAMA
(Circuit, District, or Juvenile)    (Name of County)

_Regina Greene_ v. _Equifax_

[Name(s) of Plaintiff(s)]    [Name(s) of Defendant(s)]

NOTICE TO: _Equifax, 1550 Peachtree St. P.O. Box 740241, Atlanta, GA. 30374_

(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _Regina Greene_ , WHOSE

[Name(s) of Attorney(s)]

ADDRESS(ES) IS/ARE: _5312 Lansdowne Dr. Mobile, AL. 36693_

[Address(es) of Plaintiff(s) or Attorney(s)]

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN_____DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____

[Name(s)]

pursuant to the Alabama Rules of Civil Procedure.

_____    _____ By: _____
(Date)    (Signature of Clerk)    (Name)

☐ Certified Mail is hereby requested.

_____
(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on_____

(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
(Name of Person Served)    (Name of County)

Alabama on_____
(Date)

_____    _____    _____
(Type of Process Server)    (Server's Signature)    (Address of Server)

_____
(Server's Printed Name)

_____
(Phone Number of Server)

State of Alabama
Unified Judicial System

Form C-34     Rev. 4/2017

# SUMMONS
## -CIVIL-

Court Case Number

IN THE _Circuit_ COURT OF _Mobile_ COUNTY, ALABAMA
(Circuit, District, or Juvenile)          (Name of County)

_Regina Greene_ v. _TransUnion, LLC_

_____ (Name(s) of Plaintiff(s)) _____          _____ (Name(s) of Defendant(s)) _____

NOTICE TO: _TransUnion, LLC, P.O. Box 2000, Chester, PA. 19022_
(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _Regina Greene_ , WHOSE
(Name(s) of Attorney(s))

ADDRESS(ES) IS/ARE: _5312 Lansdowne Dr., Mobile, AL. 36693_
(Address(es) of Plaintiff(s) or Attorney(s))

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

---

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
[Name(s)]

pursuant to the Alabama Rules of Civil Procedure.

_____          _____     By: _____
(Date)          (Signature of Clerk)          (Name)

---

☐ Certified Mail is hereby requested.          _____
(Plaintiff's/Attorney's Signature)

---

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____
(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
(Name of Person Served)          (Name of County)

Alabama on _____ .
(Date)

_____          _____          _____
(Type of Process Server)     (Server's Signature)          (Address of Server)

_____          _____
(Server's Printed Name)          (Phone Number of Server)

| State of Alabama<br>Unified Judicial System<br><br>Form C-34      Rev. 4/2017 | SUMMONS<br>-CIVIL- | Court Case Number |
| --- | --- | --- |

IN THE _Circuit_ COURT OF _Mobile_ COUNTY, ALABAMA
<br>(Circuit, District, or Juvenile)      (Name of County)

_Regina Greene_ v. _Experian_
<br>[Name(s) of Plaintiff(s)]      [Name(s) of Defendant(s)]

NOTICE TO: _Experian, P. O. Box 4000, Allen, TX. 75013_
<br>(Name and Address of Defendant)

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), _Regina Greene_ , WHOSE
<br>[Name(s) of Attorney(s)]

ADDRESS(ES) IS/ARE: _5312 Lansdowne Dr., Mobile, AL. 36693_
<br>[Address(es) of Plaintiff(s) or Attorney(s)]

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN_____DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

## TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☐ Service by certified mail of this Summons is initiated upon the written request of _____
<br>[Name(s)]

pursuant to the Alabama Rules of Civil Procedure.

_____      _____ By: _____
<br>(Date)      (Signature of Clerk)      (Name)

☐ Certified Mail is hereby requested.

_____
<br>(Plaintiff's/Attorney's Signature)

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on_____.
<br>(Date)

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to ____

_____ in _____County,
<br>(Name of Person Served)      (Name of County)

Alabama on_____.
<br>(Date)

| _____<br>(Type of Process Server) | _____<br>(Server's Signature) | _____<br>(Address of Server) |
| --- | --- | --- |
| | _____<br>(Server's Printed Name) | _____<br>(Phone Number of Server) |

July 31, 2023

Regina Greene
5312 Lansdowne Drive
Mobile, Alabama 36693

251 & Park LLC
5312 Lansdowne Drive
Mobile, AL 36693

Truist Bank – Asset Disposition
MC: CSRVW 7951
P.O. Box 85052
Richmond, VA 23285

Truist Client Advocacy
P.O. Box 85024
Richmond, VA 23285-5024

Equifax
1550 Peachtree St.
P.O. Box 740241
Atlanta, GA. 30374

Experian
P.O. Box 4000
Allen, TX 75013

TransUnion, LLC
P. O. Box 2000
Chester, PA 19022

Re: Acct # 000-000-000-1101

To Whom It May Concern:

This letter is in response to your recent claim regarding account #000-000-000-1101, which you claim "I owe $34,630.00" or "my account was charged off $12,958.00".

Yet again, you have failed to:

Provide me with a copy of any viable evidence bearing my signature.

Mark the item as disputed on my credit reports

Provide me with a copy of "validation", that is competent evidence bearing my signature, showing that I have (or even had) prior knowledge as to the date of some contractual obligation of what Truist Bank constitutes as a "valid payment arrangement, valid payment agreement", and what Truist Bank does not constitute as a "valid payment arrangement, valid payment agreement, or a non-payment arrangement, non-payment agreement."

Provide me with a copy of competent evidence bearing my signature showing that I have (or even had) prior knowledge of Truist valid and non-valid payment arrangement policy and responsibility or non-responsibility in Truist "guiding" or "not guiding" all their customers in the payment arrangement process to provide a specific date, reconfirm by obtaining a specific date and a specific amount to ensure a "valid payment arrangement, valid payment agreement" is made, and Truist responsibility or non-responsibility in ensuring the customer is informed the "specific payment" must be received by specifically stating to the customer within "10 business days", or "10 actual calendar days."

Provide me with a copy of competent evidence bearing my signature showing that I have (or even had) prior knowledge of Truist "valid payment arrangement policy" ensuring the customer is made aware of "10 business days" considering Truist is closed on the weekends, or actual "10 calendar days".

Provide me with a copy of "validation" that is competent evidence bearing my signature, showing that I have (or even had) prior knowledge as to the date of some contractual obligation that Truist Bank "valid payment arrangement, valid payment agreement policy" and Truist Bank "non-payment arrangement, non-payment agreement policy" has a standard protocol utilized by Truist Bank which is in compliance and enforced by all Truist Bank employees at all times to all Truist Bank customers.

Provide me with a copy of "validation written evidence", that is competent evidence bearing my signature, showing that I have (or even had) prior knowledge of the "actual timeframe of business days only, or actual calendar days" counted as the 10 day timeframe prior to repossession by Truist Bank.

Provide me with a copy of "validation written evidence" that is in compliance and competent evidence bearing my signature, showing that I have (or even had) been informed prior to and on April 6, 2023 by Truist Bank employee of the "actual timeframe of business days only, or actual calendar days" counted as the 10 day timeframe prior to a repossession by Truist Bank.

Please also be aware that any negative mark found on my credit reports, any deception resulting in a wrongful repossession due to Truist wrongdoing and deceptive business practices resulting in the wrongful reporting and wrongful sale of my vehicle (including Experian, Transunion and Equifax) from your company or any company that you represent, for a debt that I do not owe, is a violation of the FCRA & FDCPA; therefore if you cannot validate the debt, and provide me with a copies of requested "validation written evidence" bearing my signature, you must request that all credit reporting agencies delete the entry.

I have repeatedly asked for evidence to support your reporting, but yet again, you have failed to provide me with a copy of any viable evidence submitted by Truist substantiating their claims. Furthermore, I have requested your method of verification, any certified mailings, email responses, letters from the three credit bureaus to Truist, the creditor's reply letters and you have not complied, which is an additional violation of the Fair Credit Reporting Act 611(a)(7).

I feel Truist failed to act within the law and exercised unfair business and unfair credit practices. Truist cannot "wait to listen to what they want to hear and what they perceived as what they claimed they heard later and rule it as an "invalid payment arrangement" technique to illegally and wrongfully repossess and sale my vehicle, yet the Truist representative said "okay, in agreeance at the time the "payment arrangement, payment agreement" was made, and the Truist representative failed to specifically state the 10 days to include or exclude weekends, and failed to immediately state that my payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to me at the time of the payment arrangement and then now rely on that as a legal defense at their discretion.

There is evidence and there is the law for the court to decide if an abuse of discretion, abuse of the law, abuse of power, unfair business practices, unfair credit reporting, unfair credit practices, unfair credit collections, illegal vehicle repossession and sale, discrimination, and bias exist in this case.

If a full scale investigation was not conducted to thoroughly investigate the dispute to obtain supportive evidence of which the three credit bureaus and the creditor failed to provide to me regarding Truist, there exist an inability to make an unbiased determination based on supportive evidence that has not been provided as proof.

Given that I believe you are acting in bad faith, including deception and have not complied with the federal and state laws of the Fair Credit Reporting Act, I have filed a Small Claims lawsuit against you. (See attached lawsuit)

I have maintained careful records of your actions.  I am seeking **$51,000+** in damages for:

| | |
|---|---|
| Commercially reasonable value of the vehicle | $34,000 |
| Inaccurate credit reporting, defamation, financial injury | $5,000+ |
| Failure to report immediate dispute to the credit bureaus | $1,000 |
| Defamation, willful injury / refuse to correct inaccuracies on my personal and business credit | $5,000+ |
| Failed to respond to my written disputes within 30 days of my emails and certified letters | $1,000 |
| Failed to validate debt due to wrongful and fraudulent repossession and continue to pursue collection activity | $1,000 |

| | |
|---|---|
| Failed to validate debt due to wrongful and fraudulent repossession and continue to report to credit bureaus | $1,000 |
| Failed to cease and desist the sale of the wrongful repossessed vehicle | $1,000 |
| Use of Harassment and Abuse, did not promptly honor the dispute by not abruptly entering in their system and reporting to credit bureaus | $1,000 |
| Collector must be in same county in which I live when lawsuit filed | $1,000 |
| Violations of the Fair Credit Reporting Act - including but not limited to Section 611 | Amount deemed by the Court |
| Violation of the Fair Credit reporting Act of your failure to provide the method of verification, and you have not complied, which is a violation of the Fair Credit Reporting Act 611(a)(7). | Amount deemed by the Court |
| Violations of 2006 Alabama Code - Section 7-9A-627 | Amount deemed by the Court |
| Violation of the Fair Debt Collection Practices Act (including but not limited to Section 807-8) | Amount deemed by the Court |
| Violation of the Fair Credit reporting Act (including but not limited to Section 623-a-3) | Amount deemed by the Court |
| Violation of the Fair Credit Reporting Act (including but not limited to Section 623-b) | Amount deemed by the Court |
| Violations of Enforcement of Article 9 Security Interests: The Commercially Reasonable Sale | Amount deemed by the Court |
| Court Costs | Amount deemed by the Court |
| Attorney Fees | Amount deemed by Attorney or the Court |
| Mental Anguish, Emotional Distress, Embarrassment, Deception and Compensatory and Punitive injury | Amount deemed by Attorney or the Court |
| **Grand Total:** | **$51,000+** |

Prior to our court date, if you should decide to enter a settlement agreement and correct your records and remove the negative and false item of repossession in question from my personal credit file and my business credit file with all three major credit bureaus, please contact me at the address below with a satisfactory settlement agreement, and if the settlement is agreed upon, I will subsequently withdraw the lawsuit.

My contact information is as follows:

Regina Greene
5312 Lansdowne Drive
Mobile, AL 36693
SSN: ███████████

CC: Consumer Financial Protection Bureau
CC: Attorney General's Office
CC: Better Business Bureau

Regina Greene
5312 Lansdowne Drive
Mobile, Alabama 36693

251 & Park LLC
5312 Lansdowne Drive
Mobile, AL 36693

BB&T
P.O. Box 1626
Wilson, NC. 27894-1626

Attn: D'Khorvillyn Tyus
Seyfarth Shaw LLP
c/o Equifax
1075 Peachtree St. N.E., Ste. 2500
Atlanta, GA. 30309-3958

August 6, 2023

RE: Account Number: *1101
    Social Security Number: ███████████

To Whom It May Concern:

I have recently been informed that there is inaccurate and negative information reported by
BB&T in the file you maintain under my Social Security number. Upon reviewing a copy of my
credit report, I see an entry listing "I owe $12,958.00" or "my account is Charge Off", or
"Repossession" in May 2023.

BB&T is inaccurately and negatively listed on my credit report. Per internet research, in
December 2019, SunTrust and BB&T merged and now the two are officially Truist, and now
fully operate, under the name Truist. All products, services and locations are branded as Truist.

I challenge the accuracy, compliance and reportability of this listing.

Please validate this information with BB&T and provide me with copies of any documentation
associated with this account, bearing my signature. I formally request that this information be
immediately deleted from the credit file you maintain under my Social Security number.

Please note that you have 30 days to complete this investigation, as per the Fair Credit Reporting
Act Section 611(a) (1) (A), and I am keeping careful record of your actions, including your
Method of Verification. I do not consent to e-oscar or any means of automated verification.

Failure to respond satisfactorily within 30 days of receipt of this certified letter may result in a
small claims action against your company, seeking $1,000 per violation for:

1.) Defamation
2.) Negligent Enablement of Identity Fraud
3.) Violations of the Fair Credit Reporting Act

My contact information is as follows:

Regina Greene
SSN: ████████
5312 Lansdowne Drive
Mobile, Alabama 36693

P.S. Please be aware that dependent upon your response, I may be detailing any potential issues
with your company via an online public press release,
including documentation of any potential small claims action.

Cc: Consumer Financial Protection Bureau
Cc: Attorney General's Office
Cc: Better Business Bureau

Regina Greene
5312 Lansdowne Drive
Mobile, Alabama 36693

251 & Park LLC
5312 Lansdowne Drive
Mobile, AL 36693

BB&T
P.O. Box 1626
Wilson, NC. 27894-1626

Attn: D'Khorvillyn Tyus
Seyfarth Shaw LLP
c/o Equifax
1075 Peachtree St. N.E., Ste. 2500
Atlanta, GA. 30309-3958

August 7, 2023

RE: Account Number: *1101
    Social Security Number: ████████

To Whom It May Concern:

This letter is in response to your recent claim that BB&T has verified that the account they are
reporting under my name is accurate. In addition, my Equifax credit report states: "We verified
that this item belongs to you. This account has been updated. Additional information has been
provided from the original source regarding this item. The following fields have been modified:
*Additional information *Balance *Past Due *Charge Off Amount *Actual Payment *Terms
Duration."

I have recently been informed that there is inaccurate and negative information reported by
BB&T in the file you maintain under my Social Security number. Upon reviewing a copy of my
credit report, I see an entry listing "I owe $12,958.00" or "my account is Charge Off", or
"Repossession" in May 2023.

BB&T is inaccurately and negatively listed on my credit report. Per an internet Google search,
in December 2019 SunTrust and BB&T merged and now the two are officially Truist, and now
fully operate under the name Truist. All products, services and locations are branded as Truist.

Please also be aware that any negative mark found on my credit reports, any deception resulting
in a wrongful repossession due to BB&T, dba Truist wrongdoing and deceptive business
practices resulting in the wrongful reporting and wrongful sale of my vehicle (including
Experian, Transunion and Equifax) from your company or any company that you represent, for a
debt that I do not owe, is a violation of the FCRA & FDCPA; therefore if you cannot validate the

debt, and provide me with a copies of requested "validation written evidence" bearing my signature, you must request that all credit reporting agencies delete the entry.

I have repeatedly asked for evidence to support your reporting, but yet again, you have failed to provide me with a copy of any viable evidence submitted by BB&T, dba Truist substantiating their claims. Furthermore, I have requested your method of verification, any certified mailings, email responses, letters from the three credit bureaus to Truist, the creditor's reply letters and you have not complied, which is an additional violation of the Fair Credit Reporting Act 611(a)(7).

I feel BB&T, dba Truist failed to act within the law and exercised unfair business and unfair credit practices. BB&T, dba Truist cannot "wait to listen to what they want to hear and what they perceived as what they claimed they heard later and rule it as an "invalid payment arrangement" technique to illegally and wrongfully repossess and sale my vehicle, yet the BB&T, dba Truist representative said "okay, in agreeance at the time the "payment arrangement, payment agreement" was made, and the BB&T, dba Truist representative failed to specifically state the 10 days to include or exclude weekends, and failed to immediately state that my payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to me at the time of the payment arrangement and then now rely on that as a legal defense at their discretion.

There is evidence and there is the law for the court to decide if an abuse of discretion, abuse of the law, abuse of power, unfair business practices, unfair credit reporting, unfair credit practices, unfair credit collections, illegal vehicle repossession and sale, discrimination, and bias exist in this case.

If a full scale investigation was not conducted to thoroughly investigate the dispute to obtain supportive evidence of which the three credit bureaus and the creditor failed to provide to me regarding BB&T, dba Truist, there exist an inability to make an unbiased determination based on supportive evidence that has not been provided as proof.

I challenge the accuracy, compliance and reportability of this listing.

Please validate this information with BB&T, dba Truist and provide me with copies of any documentation associated with this account, bearing my signature. I formally request that this information be immediately deleted from the credit file you maintain under my Social Security number.

Be advised that the description of the procedure used to determine the accuracy and completeness of the information is hereby requested, to be provided within fifteen (15) days of the completion of your re-investigation.

Additionally, please provide the name, address, and telephone number of each person contacted regarding the alleged account. I am formally requesting a copy of any documents provided bearing my signature, showing that I have a legally binding contractual obligation to pay them the exact amount claimed.

Any automated response or e-oscar verification is unacceptable. I am requesting a reinveestigation AND your Method of Verification.

Be aware that I am making a final goodwill attempt to have you clear up this matter. The listed item is entirely inaccurate and incomplete, and represents a very serious error in your reporting.

I am maintaining a careful record of my communications with you for the purpose of filing a complaint with the Consumer Financial Protection Bureau and the Attorney General's office, should you continue in your non-compliance. I further remind you that, as in Wenger v. Trans Union Corp., No. 95-6445 (C.D.Cal. Nov. 14, 1995), you may be liable for your willful non-compliance.

Given that I believe Truist acted in bad faith, including deception and have not complied with the federal and state laws of the Fair Credit Reporting Act, I have filed a Small Claims lawsuit against you. (See attached lawsuit)

I am requesting the immediate removal and deletion of the inaccurate and negative information on my credit report given that SunTrust and BB&T merged and is officially Truist, and Truist continuous deceptive attempts, abuse of discretion, abuse of the law, abuse of power, unfair business practices, unfair credit reporting, unfair credit practices, unfair credit collections, illegal vehicle repossession and sale, discrimination, and bias, failure to respond satisfactorily within 30 days of receipt of this certified letter may result in including this matter of your company and BB&T dba Truist in the current lawsuit or filing an additional small claims action against your company and BB&T dba Truist, seeking $1,000 per violation for:

1.) Defamation
2.) Negligent Enablement of Identity Fraud
3.) Violations of the Fair Credit Reporting Act

My contact information is as follows:

Regina Greene
SSN: ████████
5312 Lansdowne Drive
Mobile, Alabama 36693

P.S. Please be aware that dependent upon your response, I may be detailing any potential issues with your company via an online public press release, including documentation of any potential small claims action.

Cc: Consumer Financial Protection Bureau
Cc: Attorney General's Office
Cc: Better Business Bureau

**UNITED STATES POSTAL SERVICE.**

COTTAGE HILL
705 OAK CIRCLE DR W
MOBILE, AL 36609-9998
(800)275-8777

08/07/2023                          02:33 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Letter | 1 | | $0.90 |

   Atlanta, GA 30309
   Weight: 0 lb 1.30 oz
   Estimated Delivery Date
     Thu 08/10/2023
   Certified Mail®                    $4.35
    Tracking #:
     9589 0710 5270 0718 3710 86
Total                                    $5.25

First-Class Mail®    1                 $0.90
Letter
   Wilson, NC 27894
   Weight: 0 lb 1.30 oz
   Estimated Delivery Date
     Thu 08/10/2023
   Certified Mail®                    $4.35
    Tracking #:
     9589 0710 5270 0718 3710 79
Total                                    $5.25

Grand Total:                           $10.50

Debit Card Remit                       $10.50
   Card Name: VISA
   Account #: XXXXXXXXXXXX2306
   Approval #: 064338
   Transaction #: 868
   Receipt #: 046257
   Debit Card Purchase: $10.50
   AID: A0000000980840         Chip
   AL: US DEBIT
   PIN: Verified

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 015607-0356
Receipt #: 840-53500544-3-5768126-2
Clerk: 06



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Wilson, NC 27894

Certified Mail Fee    $4.35                          0356
                                                      06
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $0.00
☐ Return Receipt (electronic)    $0.00
☐ Certified Mail Restricted Delivery  $0.00     Postmark
☐ Adult Signature Required       $0.00           Here
☐ Adult Signature Restricted Delivery $0.00
Postage    $0.90
                                                08/07/2023
Total Postage and Fees
$5.25

Sent To  BB&T
Street and Apt. No., or PO Box No.  P.O. Box 1626
City, State, ZIP+4®  Wilson, NC 27894-1626

9589 0710 5270 0718 3710 79

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

Atlanta, GA 30309

Certified Mail Fee    $4.35                          0356
                                                      06
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $0.00
☐ Return Receipt (electronic)    $0.00
☐ Certified Mail Restricted Delivery  $0.00     Postmark
☐ Adult Signature Required       $0.00           Here
☐ Adult Signature Restricted Delivery $0.00
Postage    $0.90
                                                08/07/2023
Total Postage and Fees
$5.25

Sent To  ATTN: Rick Smith Thru Seyfarth Shaw LLP c/o Equifax
Street and Apt. No., or PO Box No.  1075 Peachtree St. N.E. Ste 2500
City, State, ZIP+4®  Atlanta, GA 30309-3958

9589 0710 5270 0718 3710 86

PS Form 3800, January 2023 PSN 7530-02-000-9047    See Reverse for Instructions



CLERK OF CIRCUIT COURT

2023 AUG 14  PM 3:23

PLEADING WAS FILED ON
I HEREBY CERTIFY THIS
MOBILE COUNTY
STATE OF ALABAMA

ALABAMA JUDICIAL DATA CENTER
COURT PAYMENT SYSTEM

COUNTY                                      RECEIPT NUMBER: 642472
DATE OF RECEIPT: 08/14/2023   TIME: 15:40:58
RECEIPT FOR CASE: CV 2023 901350 00      BATCH: 2023224
RECEIVED FROM: GREENE REGINA

REGINA GREENE V. EXPERIAN ET AL

ACCOUNTS RECEIPTED:
    MJDG                                       $50.00

RECEIVED BY: JAS        CASH AMOUNT      $50.00

| State of Alabama<br>Unified Judicial System<br><br>Form C-25A    Rev. 11/15 | **APPLICATION AND AFFIDAVIT FOR ENTRY OF DEFAULT JUDGMENT** | Case Number<br>02-CV-2023-901350.00 |
|---|---|---|

IN THE ___Circuit___ COURT OF ___Mobile___, ALABAMA
(Circuit or District)                      (Name of County)

___Regina Greene___ v. ___Experian, Equifax and TransUnion___
Plaintiff                                              Defendant

☑ 1. affiant, request that the ☐ clerk of court, or ☑ judge, pursuant to Rule 55(b), Alabama Rules of Civil Procedure (ARCP), enter a default judgment against the above - named defendant,* in the above case for the defendant's failing to plead, answer, or otherwise defend.

The affiant, ___Regina Greene___, being duly sworn, states as follows:

1. That the affiant has personal knowledge of the facts set forth in the affidavit.
2. That the defendant was served with a summons and a copy of the Statement of Claim/Complaint on (date) _____
3. That more than __30__ days have elapsed since the defendant was served with a summons and a copy of the Statement of Claim/Complaint.
4. That the defendant has failed to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
5. That this affidavit is executed by the affiant in accordance with Rule 55(b), ARCP, for the purpose of enabling the plaintiff to obtain a default judgment against the defendant, for the defendant's failing to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
6. That the defendant is not an infant or an incompetent person, and there has been no violation of the provisions of Ala. Code 1975, Chapter 19, Title 5.
7. That the defendant ☐ is ☑ is not in military service.
8. Judgment Conditional: ☐ with ☑ without waiver of exemptions.
9. That the amount of money claimed by the defendant to the plaintiff is ___including Compensatory + Punitive___
   ☑ THE SUM OF $ __51,000+__, which is to be determined as follows: ___damages caused by___
   Principal Balance $ _____ *as deemed by the judge    ___violations of defamation___
   Interest $ _____ *as deemed by the judge    ___and willful injuries, mental anguish,___
   Court Costs $ __453.89__    ___defamation, embarrassment, mental___
   Attorney Fees $ _____ (if requesting attorney's fees, it must be determined by the judge, not the clerk.) ___distress, and other additional damages___
   (if provided by contract, note or law)

☑ SPECIFY PROPERTY (Describe, on a separate sheet of paper, property of which the plaintiff demanded right to possession from the __additional__ defendant in the Statement of Claim/Complaint.) $51,000 + the value of the property including vehicle ___2018 GLE 350 Mercedes___    Name of Affiant: ___Regina Greene as deemed by___ ___the court___

10. The affiant requests entry of judgment: ☑ By the Court    Signature of Affiant: ___Regina Greene___
    ☐ By the Clerk    Affiant's Home or Business Address (if not represented by an attorney):

Sworn To and Subscribed Before Me This    ___5312 Lansdowne Drive___

Date __08/14/23__    ___Mobile AL. 36693___
                      City        State        Zip Code

___Shula Thompson/Civil Clerk___    Name of Attorney: _____
Officer's Signature  JHS    Title    Signature of Attorney: _____
                              Business Address of Attorney: _____

                              City        State        Zip Code

☐ Default judgment is hereby rendered against the defendant in the amount of $ _____

Date _____    Judge/Clerk _____

☐ Default judgment is hereby rendered against the defendant and the plaintiff is awarded right to possession of the property sworn to in the affidavit above.

Date _____    Judge/Clerk _____

**CERTIFICATE OF SERVICE ON OTHER PARTIES**

I hereby certify that a copy of this Application, Affidavit, and Entry of Default Judgment has been    Signed _____
sent, by first class mail, postage prepaid, to all parties who are not in default in this case.

Rule 55, ARCP.
* Separate form shall be completed for each defendant in cases involving multiple defendants.
Pursuant to Ala. Code 1975, §12-19-71(a) (10), a filing fee is required when seeking a default judgment pursuant to Rule 55(b), ARCP.

Original – Court File    Copy – Plaintiff    Copy – Defendant

2023 AUG 14    PM 3:35
PLEADING WAS FILED ON
I HEREBY CERTIFY THIS
MOBILE COUNTY
STATE OF ALABAMA

| State of Alabama<br>Unified Judicial System<br><br>Form C-25A    Rev. 11-15 | **APPLICATION AND AFFIDAVIT FOR<br>ENTRY OF DEFAULT JUDGMENT** | Case Number<br><br>*C2-CV-2023-901350.00* |
|---|---|---|

IN THE _Circuit_ COURT OF _Mobile_ ALABAMA
(Circuit or District)    (Name of County)

_Regina Greene_ v. _Experian, Equifax and TransUnion_
Plaintiff    Defendant

☑ I, affiant, request that the ☐ clerk of court, or ☑ judge, pursuant to Rule 55(b), Alabama Rules of Civil Procedure (ARCP), enter a default judgment against the above-named defendant,* in the above case for the defendant's failing to plead, answer, or otherwise defend.

The affiant, _Regina Greene_, being duly sworn, states as follows:
1. That the affiant has personal knowledge of the facts set forth in the affidavit.
2. That the defendant was served with a summons and a copy of the Statement of Claim/Complaint on (date) _____.
3. That more than _30_ days have elapsed since the defendant was served with a summons and a copy of the Statement of Claim/Complaint.
4. That the defendant has failed to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
5. That this affidavit is executed by the affiant in accordance with Rule 55(b), ARCP, for the purpose of enabling the plaintiff to obtain a default judgment against the defendant for the defendant's failing to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
6. That the defendant is not an infant or an incompetent person, and there has been no violation of the provisions of Ala. Code 1975, Chapter 10, Title 6.
7. That the defendant ☐ is ☑ is not in the military service.
8. Judgment Conditions ☐ with ☑ without waiver of exemptions.
9. That the amount of money claimed by the defendant to the plaintiff is:
   ☑ THE SUM OF  $ _51,000+_  which will be determined as follows: *including Compensatory + Punitive*
   Principal Balance $ _____  ☑ was deemed by the judge  *Damages caused by*
   Interest $ _____  ☑ was deemed by the judge  *Violation of defamation*
   Court Costs $ _453.89_  *and willful injuries, mental anguish*
   Attorney Fees $ _____  (if requesting attorney's fees, it must be determined by the judge, not the clerk)  *defamation embarrassment/mental*
   (If provided by contract, note or law)  *distress, inconvenience, + actual damages*

☑ 10. SPECIFY PROPERTY (Describe, on a separate sheet of paper, property of which the plaintiff demanded right to possess or from the defendant in the Statement of Claim/Complaint) _$51,000 is the value of the property including _____ _Regina Greene_ *was deemed by the Circuit*

11. The affiant requests entry of judgment:  ☑ By the Judge  $_918,600 million_
   ☐ By the Clerk

Signature of Affiant: _Regina Greene_

Sworn To and Subscribed Before Me This
Date _08/14/23_
Signature _Sheila ... /Civil Clerk_ JHS

Affiant's Name or Business Address (if not represented by an attorney):
_5313 Lansdowne Drive_
_Mobile AL._    _36693_
City    State    Zip Code
Name of Attorney _____
Signature of Attorney _____
Business Address of Attorney _____

City    State    Zip Code

☐ Default Judgment is hereby rendered against the defendant in the amount of $ _____
Date _____ Judge/Clerk _____

☐ The Default Judgment is hereby rendered against the defendant and the plaintiff is given said right to possession of the property sworn to in the affidavit above.
Date _____ Judge/Clerk _____

**CERTIFICATE OF SERVICE ON OTHER PARTIES**
I hereby certify that a copy of this Application, Affidavit, and Entry of Default Judgment has been served on the above and postage prepaid, to all parties shown or in default in this case.
Signed _____
Date _____

Rule 55, ARCP.
* Separate form shall be completed for each defendant in cases involving multiple defendants.
Pursuant to Ala. Code 1975, §12-19-71(a) (10), a filing fee is required when seeking a default judgment pursuant to Rule 55(b), ARCP.

Original - Court File    Copy - Plaintiff    Copy - Defendant

| State of Alabama<br>Unified Judicial System<br><br>Form C-25A    Rev. 11-15 | **APPLICATION AND AFFIDAVIT FOR<br>ENTRY OF DEFAULT JUDGMENT** | Case Number<br>C2-CV-2623-90_130__ |
|---|---|---|

IN THE ___Circuit___ COURT OF ___Mobile___ ALABAMA
(Circuit or District)                          (Name of County)

___Regina Greene___ . ___Experian, Equifax and TransUnion___
Plaintiff                                              Defendant

☑ I, affiant, request that the ☐ clerk of court; or ☑ judge, pursuant to Rule 55(b), Alabama Rules of Civil Procedure (ARCP), enter a default judgment against the above - named defendant,* in the above case for the defendant's failing to plead, answer, or otherwise defend.

The affiant ___Regina Greene___ being duly sworn, states as follows:

1. That the affiant has personal knowledge of the facts set forth in the affidavit.
2. That the defendant was served with a summons and a copy of the Statement of Claim/Complaint on (date) ___
3. That more than ___30___ days have elapsed since the defendant was served with a summons and a copy of the Statement of Claim/Complaint.
4. That the defendant has failed to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
5. That this affidavit is executed by the affiant in accordance with Rule 55(b), ARCP, for the purpose of enabling the plaintiff to obtain a default judgment against the defendant for the defendant's failing to answer or otherwise defend against the plaintiff's Statement of Claim/Complaint.
6. That the defendant is not an infant or an incompetent person, and there has been no violation of the provisions of Ala. Code 1975, Chapter 19, Title 6.
7. That the defendant ☐ is ☑ is not an m litary service.
8. Judgment Conditions ☐ with ☑ without waiver of exemptions.
9. That the amount of money claimed by the defendant to the plaintiff is:
   ☑ THE SUM OF $ ___51,000*___ which will be determined as follows: *including Compensatory + Punitive*
      Principal Balance $ ___            *was deemed by the judge*   *damages caused by*
      Interest $ ___                      *+ as deemed by the judge*  *violation's of defamation*
      Court Costs $ ___453.89___                                      *and willful injuries, mental anguish*
      Attorney Fee $ ___                  (if requesting attorney's fees, it must be determined by the judge, not the clerk) *distress, invasion*
      (if provided by contract, note or law)                          *additional damages*

☑ SPECIFY PROPERTY (Describe, on a separate sheet of paper, property of which the plaintiff demanded right to possess or from the defendant in the Statement of Claim/Complaint $51,000 to the value of the property including any *legal fees deemed by the court*

10. The affiant requests entry of judgment: ☑ By the Judge  3915 GH 260 liberty  *Regina Greene*
                                          ☐ By the Clerk       Signature of Affiant ___Regina Greene___

Sworn To and Subscribed Before Me This                   Affiant's Home or Business Address ___
Date ___08/14/23___                                      ___5312 Lansdowne Drive___
___Shela Ch?/Civil Clerk___                               ___Mobile AL___          ___36693___
Officer's Signature   JHS   Title                          City          State          Zip Code
                                                          Name of Attorney ___
                                                          Signature of Attorney ___
                                                          Business Address of Attorney ___

                                                          City          State          Zip Code

☐ Default judgment is hereby rendered against the defendant in the amount of $ ___
Date ___                                                  Judge/Clerk ___
☐ Default judgment is hereby rendered against the defendant and the plaintiff is granted right to possession of the property sworn to in line of item 9 above.
Date ___                                                  Judge/Clerk ___

**CERTIFICATE OF SERVICE ON OTHER PARTIES**
I hereby certify that a copy of this Application, Affidavit, and Entry of Default Judgment has been    Signed ___
sent, by first class mail, postage prepaid, to all parties who are not in default in this case.

Rule 55, ARCP
* Separate form shall be completed for each defendant in cases involving multiple defendants.
¹ Pursuant to Ala. Code 1975, §12-19-71(a) (10), a filing fee is required when seeking a default judgment pursuant to Rule 55(b), ARCP.

Original - Court File       Copy - Plaintiff       Copy - Defendant

IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| REGINA GREENE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:     02-CV-2023-901350.00 |
| | ) | |
| EXPERIAN ET AL, | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION FOR DEFAULT JUDGMENT

Comes now Regina Greene, the undersigned Plaintiff would respectfully move that this Honorable Court set a default judgment of the above-referenced case to show that Defendants have violated the law, and as grounds therefore, the Plaintiff would aver as follows:

I, Regina Greene, the Plaintiff am seeking for the following:

**1. Seeking Compensatory damages:**

**Defendant/Creditor: Truist, dba BB&T**

Possession of the loss of my property/property value, and money sued for the defendant, Truist, dba BB&T and its entities due to the illegal, wrongful trespassing on my property and for the illegal, wrongful repossession and illegal, wrongful sale of property, failure to report my credit dispute timely, and failure to remove and delete the inaccurate, erroneous, derogatory information, and the fraudulent illegal sell of the account, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and failure to properly investigate my dispute of debt with Truist, dba BB&T and failure to provide me with evidence of its findings caused damages due to fraudulent and inaccurate reporting, failure to accurately report my disputed debt, and failure to respond to my disputed debt in a timely manner, defamation, and financial injury as a result of violations causing damages, including:

Commercially reasonable value of the vehicle

Inaccurate credit reporting, defamation, financial injury

Failure to report immediate dispute to the credit bureaus

Failure to immediately conduct a proper and thorough investigation of my dispute and report accurate information on my credit report to the credit bureaus
Defamation, financial injury and refusal to respond and provide evidence to correct, remove, and delete the inaccurate and derogatory entry on my personal and business credit

Failed to respond to my written disputes within 30 days of my emails and certified letters

Failed to validate debt due to wrongful and fraudulent repossession and continue to pursue collection activity

Failed to validate debt due to wrongful and fraudulent repossession and continue to report to credit bureaus

Failed to cease and desist the sale of the wrongful repossessed vehicle

Use of Harassment and Abuse, did not promptly honor the dispute by not abruptly entering in their system and reporting to credit bureaus

Illegal, wrongful, and fraudulent sell of the account entering in their system and reporting to credit bureaus

Collector must be in same county in which I live when lawsuit filed

**Defendant/Credit Bureaus: Experian, Equifax and TransUnion**

Seeking damages from Experian, Equifax and TransUnion due to defamation and willful injury caused by failure to remove and delete inaccurate and derogatory information on my credit report, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and failure to properly investigate Truist, dba BB&T and failure to provide me with evidence of its findings caused damages due to fraudulent and inaccurate reporting, failure to accurately report my disputed debt, and failure to respond to my disputed debt in a timely manner, defamation, and willful injury as a result of violations causing damages, including:

Inaccurate credit reporting, defamation, willful injury

Failure to immediately conduct a proper and thorough investigation of my dispute and update accurate information on my credit report at the credit bureaus

Defamation, willful injury and refusal to obtain viable evidence to correct, remove, and delete the inaccurate and derogatory entry on my personal and business credit

Failed to provide viable evidence to my written disputes within 30 days of my written certified letters

Failed to validate debt due to wrongful and fraudulent repossession and continue to report inaccurate, derogatory, and fraudulent reporting

Failed to respond to my written disputes within 30 days, and did not promptly and thoroughly investigate my written dispute by not accurately updating my credit report at the credit bureaus

Credit Bureau reporting of an illegal, wrongful, and fraudulent sell of the account on my credit file and entering in the credit bureau system to report

## 2. Seeking Punitive damages:

**Defendant/Creditor: Truist, dba BB&T**

Seeking damages due to forfeiture of my right to Due Process, failure to honor my payment arrangement/payment agreement by breach of contract, failure to respond to my dispute in a timely manner, failure to report my dispute in a timely manner, failure to properly and thoroughly investigate my dispute and provide viable evidence of findings to me in a timely manner, failure to remove and delete inaccuracies and derogatory remarks, failure to remove and delete derogatory information, and Truist dba BB&T fraudulent activity in selling the account, unfair, negative and unverifiable and inaccurate entries, erroneous reporting forfeited my rights to settle or refinance, causing violations of defamation, and financial injury.

Truist, dba BB&T damages caused mental anguish, emotional distress, economic damages, credit denials and rejections, embarrassment, humiliation, and mental distress due to the defendant, Truist, dba BB&T caused negligence, wantonness, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and Truist, dba BB&T caused damages due to fraudulent and inaccurate reporting, failure to report my dispute in a timely manner, and failure to respond to my dispute in a timely manner, causing violations of defamation, financial injury, and encroachment breach of contract, including punitive injury for:

Mental Anguish, Emotional Distress, Embarrassment, and Deception

**Defendant/Credit Bureaus: Experian, Equifax and TransUnion**

Seeking damages caused by Experian, Equifax and TransUnion due to defamation and willful injury, damages caused mental anguish, emotional distress, economic damages, credit denials and rejections, embarrassment, humiliation, and mental distress due to the defendants, Experian, Equifax and TransUnion caused negligence, wantonness, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and failure to properly investigate Truist, dba BB&T and failure to provide me with evidence of its findings caused damages due to fraudulent and inaccurate reporting, failure to accurately report my dispute, and failure to respond to my dispute in a timely manner, causing violations of defamation, and willful injury.

Seeking damages due to the defendants forfeiture of my right to Due Process, failure to properly and thoroughly investigate my dispute and provide viable evidence of findings to me in a timely manner, failure to remove and delete inaccuracies and derogatory remarks, and failure of investigating Truist dba BB&T fraudulent activity in selling the account, unfair, negative and unverifiable and inaccurate entries, erroneous reporting forfeited my rights to settle or refinance, defamation, willful injury, damages caused mental anguish, emotional distress, economic damages, credit denials and rejections, embarrassment, humiliation, and mental distress due to the defendants, Experian, Equifax and TransUnion caused negligence, wantonness, and for the specified reasons stated in the above case and due to the defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct, and failure to investigate Truist, dba BB&T caused damages due to fraudulent and inaccurate reporting, failure to report my dispute, and failure to respond to my dispute in a timely manner, fraudulent activity in selling the account, causing violations of defamation, willful injury, including punitive injury for:

Mental Anguish, Emotional Distress, and Embarrassment

### 3. Damages for violations of the FDCPA:

**Defendant/Creditor: Truist, dba BB&T**

Seeking damages from the Defendant, Truist, dba BB&T for violations in not adhering to protecting my rights under The Fair Debt Collections Practices Act (FDCPA), including:

Violation of the Fair Debt Collection Practices Act
(including but not limited to Section 807-8)

Violations of Enforcement of Article 9 Security Interests:
The Commercially Reasonable Sale

Violations of 2006 Alabama Code - Section 7-9A-627

**Defendant/Credit Bureaus: Experian, Equifax and TransUnion**

Seeking damages from the Defendants, Experian, Equifax and TransUnion for violations in not adhering to protecting my rights under The Fair Debt Collections Practices Act (FDCPA), including:

Violation of the Fair Debt Collection Practices Act
(including but not limited to Section 807-8)

Violations of Enforcement of Article 9 Security Interests:
The Commercially Reasonable Sale

Violations of 2006 Alabama Code - Section 7-9A-627

### 4. Damages for violations of the FCRA:

**Defendant/Creditor: Truist, dba BB&T**

Seeking damages from the Defendant, Truist, dba BB&T for violations in not adhering to protecting my rights under the federal Fair Credit Reporting Act (FCRA) for the specified

reasons stated in the above case and due to the Defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct.

Truist, dba BB&T caused damages due to fraudulent and inaccurate reporting, failure to report my dispute in a timely manner, and Truist dba BB&T fraudulent activity in selling the account, and failure to respond to my dispute in a timely manner, causing violations of defamation, financial injury, and encroachment breach of contract, including:

Violations of the Fair Credit Reporting Act
(including but not limited to Section 611)

Violation of the Fair Credit Reporting Act
(including but not limited to Section 623-b)

**Defendant/Credit Bureaus: Experian, Equifax and TransUnion**

Seeking damages from the Defendants, Experian, Equifax and TransUnion for violations in not adhering to protecting my rights under the federal Fair Credit Reporting Act (FCRA) for the specified reasons stated in the above case and due to the Defendants failure to plead, answer, or otherwise defend, and due to unfair prejudice, culpable conduct.

Experian, Equifax and TransUnion caused damages due to fraudulent and inaccurate reporting, failure to properly investigate my dispute, and provide viable evidence to me of its findings, inaccurate, derogatory and fraudulent information on my credit report of Truist dba BB&T fraudulent activity in selling the account, and failure to investigate and respond to my dispute in a timely manner, causing violations of defamation, and financial injury, including:

Violations of the Fair Credit Reporting Act
(including but not limited to Section 611)

Violation of the Fair Credit Reporting Act
(including but not limited to Section 623-b)

5. **Seeking additional damages:**

**Defendant/Creditor: Truist, dba BB&T**

**and**

**Defendant/Credit Bureaus: Experian, Equifax and TransUnion**

Seeking damages from all Defendants due to my experience of greater humiliation, mental anguish and mental distress due to Truist, dba BB&T continuous inaccurate and derogatory credit reporting and derogatory information on my credit and from the fact that the credit bureaus, Experian, Equifax and TransUnion took several months and failed to properly conduct a thorough investigation and provide me with viable evidence of findings which was detrimental and almost caused me a loss of a career with a federal contractor.

I strongly feel I was at an extreme high risk of not being considered for a career with a federal contractor due to Truist, dba BB&T inaccurate, erroneous, derogatory and fraudulent credit reporting and from the fact that the credit bureaus, Experian, Equifax and TransUnion took several months and failed to properly conduct a thorough investigation and provide me with viable evidence of findings.

I had to respond verbally and in writing to an extensive credit investigation interview regarding my credit report. I also had to explain in person and answer interrogatories in writing regarding my credit dispute of the inaccurate, erroneous, derogatory and fraudulent information on my credit report. I had to provide information of the inaccurate and erroneous information of my credit report, and credit dispute filing and report the information to the federal contractor for reviews for numerous months of submittals in responding to my credit investigations for a job consideration or non-consideration. I finally received a favorable adjudication recently. Therefore, I am seeking additional injuries in the above lawsuit filing for:

Mental Anguish, Emotional Distress, Embarrassment and Compensatory and Punitive injuries

I am also seeking additional injuries in the above lawsuit filing for:

Court Costs

Administrative and Filing Fees

I, the Plaintiff, Regina Greene, being duly sworn, state as follows:

That more than 30 days have elapsed since the unlawful detainer complaint was served or posted and mailed as required by law.

That the Defendants have failed to answer or otherwise defend against the Plaintiff's Complaint and lawsuit filed.

1.  After considering all the facts and evidence presented in the filing of the above-referenced case, the Plaintiff request the court enter a default judgment for the Plaintiff and order the Defendants to pay Plaintiff the commercially reasonable value price of said vehicle, compensatory and punitive damages, defamation, financial and willful injuries for violations and additional damages, including all court cost, administrative and filing fees for the incidentals, mental anguish, mental distress, and aggravation the Defendants have caused Plaintiff.

WHEREFORE, the premises considered, the Plaintiff respectfully requests the Court enter a default judgment against the Defendants for violations of the law and that the Court take whatever action it deems necessary to secure and enforce full settlement of the default judgment.

DONE this 14th day of August, 2023.

Respectfully submitted,

Regina Greene
Plaintiff



# Regina Greene
## <u>Consumer Dispute Timeline with Truist</u>

**4/6/23:**
I contacted Truist on 4/6/23 to discuss my account and make arrangements to pay my bill. I spoke with Tyshawn, the representative with Truist. I was informed to pay $954.18 and I made a payment arrangement/payment agreement. However, Tyshawn failed to inform me that 10 days did or did not include the weekends, considering Truist is closed in the local area on the weekends. In addition, Tyshawn did not inform me of Truist weekend business hours, if any. Tyshawn said okay to my payment arrangement/payment agreement. Tyshawn never gave me an exact date to pay by in the 10 days and he never asked me what exact date I can pay in the 10 days, considering Truist is closed in the local area on the weekends. Therefore, my agreement was made and agreed upon with Truist. I feel Tyshawn failed to immediately state that my payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to me at the time of the payment arrangement and now Truist rely on that as a legal defense at their discretion.

**4/19/23:**
On Wednesday, April 19, 2023, my vehicle was illegally and wrongfully towed away from my property and stored at an unknown location. I contacted Truist Asset Department and spoke with Whitney. I was informed that I need to pay $6,015.43 to get a release on my vehicle to get it back, and pay the daily storage fee.

I told Whitney that I feel Truist breached my contract by not honoring my payment agreement/payment arrangement and wrongfully repossessed my vehicle. Whitney said I didn't give a specific date that I would pay. I told Whitney that Tyshawn should have immediately asked me this at that time if this is indeed Truist protocol, considering Tyshawn failed to inform me if the 10 days included or excluded the weekends. I informed Whitney that I made a payment arrangement/payment agreement and Tyshawn agreed with my payment arrangement/payment agreement on 4/6/23. I informed Whitney that Tyshawn failed to inform me that the 10 days included or excluded the weekends. I immediately asked to speak with higher management because I should have been informed of this by Tyshawn on 4/6/23, not afterwards. Whitney told me that would be 24-48 hours before I receive a return call. I told Whitney I will pay the $1,000 that I agreed to pay, considering Truist is closed on the weekends. I told Whitney that I need my vehicle returned back to me immediately because I feel this is a breach of contract by not honoring my payment arrangement/payment agreement as agreed upon and illegally and wrongfully trespassing on my property, towing and repossessing my vehicle. I informed Whitney this is wrong and that Truist is not above the law. I paid $1,000 by cashier's check on 4/21/23 at a local Truist branch.

**4/21/23:**
I emailed Truist on Friday, April 21, 2023.

Dear Truist,

Please see attachments of my paid receipt of $1,000 of which I agreed to pay within two to three weeks, as was agreed upon between me and the Truist Representative, Tyshawn on April 6, 2023. Therefore, please release my vehicle upon receipt of confirmation of payment, and clear my account of this error and any wrong doing, repossession or otherwise made by Truist in a prompt and efficient manner in an effort to honor my agreement I had made with Truist on April 6, 2023. Thanks in advance for your urgent assistance in this matter. I look forward to hearing from Truist management soon.

Sincerely,


Regina Greene

**4/24/23:**

I called today on Monday, April 24, 2023 for status to get a release because I paid as agreed. However, I spoke with Patrick who said I will need to pay $5,015.43 to get my vehicle back before auction. I told Patrick that Truist failed to honor my agreement, towed my vehicle illegally and breached my agreement for Truist financial gain. I asked for his supervisor's name and I was told it is Brandon Davis. I was informed he was not available. Therefore, I informed the representative that I am seeking the AL Attorney General to please promptly assist me in this matter of my consumer complaint in order to obtain my vehicle back as timing is imperative in this matter. I requested Brandon Davis to return my call.

**Additional calls made to Truist from 4/19/23 - 5/10/23:**

I called and spoke with additional Truist Reps from 4/19/23 through 5/8/23 to request to speak with the manager/supervisor, Brandon Davis. However, numerous times I was informed he was not available, he was out of the office, or he was gone for the day. Each time, I requested that Brandon Davis return my call.

**4/19/23:**
Whitney - Assistant Supervisor had a rude manner in discussing my account. I informed Whitney that I feel Truist failed to act within the law and Truist is not above the law. Truist cannot "wait to listen to what they want to hear and what they perceived as what they claimed they heard later and rule it as an "invalid payment arrangement" technique to illegally and wrongfully repossess my vehicle. I informed Whitney that on 4/6/23 I spoke with Tyshawn, the Truist representative and he said "Okay, in agreeance at the time the "payment arrangement, payment agreement" was made. I informed Whitney that Tyshawn, the Truist representative failed to specifically state the 10 days to include or exclude weekends, and failed to immediately state that my payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to me at the time of the payment arrangement and now rely on that as a legal defense at their discretion. I requested to speak with higher management. I was told a message will be sent to Patrick to return my call within 24-48 hours.

Angela - Representative had a rude manner in discussing my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Melissa - Representative had a rude manner in discussing my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

**4/21/23:**
Ashley - Representative was very nice in discussing my account. I requested to speak with Brandon Davis, and was transferred to the Truist Asset Department. A representative informed me that a message will be sent for him to return my call.

Vicky – Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Brittany - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Danielle - Representative had a rude manner in discussing my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Patrick – Assistant Supervisor discussed my account. I explained my consumer complaint and discussed my dispute regarding the payment arrangement/payment agreement not honored by Truist and the wrongful, illegal repossession of my vehicle. I requested to speak with higher management. I was informed the manager's name is Brandon Davis. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call and was informed it will take approximately 24-48 hours for a response.

**5/3/23:**
LaTosha - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

**5/4/23:**
Tiffany - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

**5/9/23:**
Tameka - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Angela transferred my call to Brandon Davis.
I finally spoke with Brandon Davis via phone on 5/9/23 @ 3:35pm. We briefly spoke regarding my dispute and I informed him of the same reasons I dispute Truist in not honoring my payment arrangement/payment agreement and I dispute the repossession of my vehicle and provided the reasons as specified in the lawsuit. During our clear phone conversation and no technical issues during the call, suddenly Brandon Davis phone call dropped and lost connection. I immediately called Brandon Davis back to request to speak with him however I was informed by Tameka that he was already gone for the day. I quickly informed the representative that I was just speaking with him. The representative said he entered notes in the system that he tried to call me back, but no answer. I immediately told the representative that is not true because I had my phone in my hand the entire time and my phone did not ring, and I do not have a missed call, nor a voicemail from him after the call abruptly ended. This led me to conclude Brandon Davis deliberately hung up the phone to end the call unprofessionally and in an unethical manner in an attempt not to address and respond to my consumer dispute regarding the account breach in the refusal to honor my payment arrangement/payment agreement and the dispute regarding the wrongful repossession of my vehicle. At which time, Brandon Davis never returned my call, nor replied to my emails, or mailed any written correspondence reply letters to me to address my dispute.

**5/10/23:**
Asia - Representative was very professional, very nice, attentive, and helpful in discussing my account.

On 5/10/23 @ 11:23am, I called Truist and spoke with Asia. I informed her of my consumer dispute since 4/19/23. She apparently did not see a consumer dispute on file in the system therefore she filed the formal dispute /complaint on 5/10/23 and asked me if I can pay $1,940 to get the account out of repo. I explained that I do not have it because I have been paying everyone to take me to and from since they picked up my vehicle. I inquired about a deferment or forbearance to add this amount at the end of the loan. Asia said she sent an email of my inquiries and my dispute to Brandon Davis today for him to return my call. However, I never received a return call, email reply, or written letter from Brandon Davis in response to my consumer dispute and inquiries for a deferment or a forbearance.

**4/2023 - 6/2023**

In April 2023, I filed an online consumer complaint against Truist with the State of Alabama Attorney General Office. In May 2023, I received a reply letter from Lisa Johnson with Truist Client Advocacy Department regarding my consumer dispute and the repossession of my vehicle. In June 2023, I emailed a response letter to AL Attorney General Office Consumer Interest Division, Truist, and Truist Asset Department. I also mailed the certified letters to Lisa Johnson, Client Advocacy and Brandon Davis, Truist Asset Department. I awaited a reply via email and mail, however no response. In June 2023, I also called the Alabama Attorney General Office to ensure my email was received and to check the status of my consumer dispute. I was transferred to Brian Bolton's voicemail. I left a voicemail message however I did not receive a return call or email reply.

**6/26/23:**

I called Truist and spoke with Mr. Phi (Fye) on 6/26/23 at 1:50pm CST. I learned my vehicle was sold. I was distraught. I immediately informed Mr. Phi that I was awaiting a call from

Brandon Davis because Asia said she will have him to return my call after I spoke with her on 5/10/23. and since then I have sent certified letters to Brandon Davis and still no reply. I informed Mr. Phi that Brandon Davis did not return my call regarding the status of my dispute filed with Truist to address my disputed account and my dispute of the wrongful repossession of my vehicle. Mr. Phi said he will have Brandon Davis or another supervisor to return my call. but to no avail. I have not received a return call from any Truist Asset Department supervisor.

**6/29/23:**
I called Truist and spoke Savannah with Truist Loan Department and requested to speak with the client advocate. Lisa Johnson. I informed Savannah of my recent knowledge of my vehicle was sold without my knowledge while I was waiting on a response to my consumer dispute. Savannah said she did not know this person, Lisa Johnson or a contact number for this person. Savannah took my message request and said she will find out how to contact Lisa Johnson to request that she return my call. Savannah apologized for what had occurred.

To date. I have not received a call from Lisa Johnson. with Truist Client Advocacy Department. I received one written correspondence letter from Lisa Johnson during the Alabama Attorney General office review process of my consumer dispute. However, Lisa Johnson's letter indicated for me to call the same office. Truist Asset of which Brandon Davis had a failure to communicate with me, hung up on me, failed to return my calls. and failed to respond to my emails and my certified written correspondence letters to his office. I concluded that it was evident Lisa Johnson and Brandon Davis never investigated or reinvestigated this matter to address my consumer complaint because neither of the two individuals returned my calls, emailed me nor mailed a written letter in response to my many certified written letters that were mailed to them from May through August 2023.

**6/30/23:**

I filed a lawsuit against the Defendants. Truist and the three major credit bureaus in the Circuit Court Small Claims Division. Mobile. AL.

**Week of 8/7/23-8/11/23:**

I received a USPS mail package from the Alabama Attorney General Office of confirming receipt of printed copies of my emails. I called and spoke with Stephanie Howard and confirmed receipt of the mail package. I informed Mrs. Howard that I filed a lawsuit on 6/30/23 against the Defendants. Truist and the three major credit bureaus in the Circuit Court Small Claims Division. Mobile. AL. I also informed Mrs. Howard that I previously called the Alabama Attorney General Office in June 2023 to ensure my emails were received and to check the status of my consumer dispute. However. I was transferred to Brian Bolton's voicemail. I left a voicemail message however I did not receive a return call or email reply. Mrs. Howard informed me to disregard the mail package since I have filed the recent lawsuit.

# Regina Greene
# <u>Consumer Dispute Timeline with Truist</u>

**4/6/23:**
I contacted Truist on 4/6/23 to discuss my account and make arrangements to pay my bill. I spoke with Tyshawn, the representative with Truist. I was informed to pay $954.18 and I made a payment arrangement/payment agreement. However, Tyshawn failed to inform me that 10 days did or did not include the weekends, considering Truist is closed in the local area on the weekends. In addition, Tyshawn did not inform me of Truist weekend business hours, if any. Tyshawn said okay to my payment arrangement/payment agreement. Tyshawn never gave me an exact date to pay by in the 10 days and he never asked me what exact date I can pay in the 10 days, considering Truist is closed in the local area on the weekends. Therefore, my agreement was made and agreed upon with Truist. I feel Tyshawn failed to immediately state that my payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to me at the time of the payment arrangement and now Truist rely on that as a legal defense at their discretion.

**4/19/23:**
On Wednesday, April 19, 2023, my vehicle was illegally and wrongfully towed away from my property and stored at an unknown location. I contacted Truist Asset Department and spoke with Whitney. I was informed that I need to pay $6,015.43 to get a release on my vehicle to get it back, and pay the daily storage fee.

I told Whitney that I feel Truist breached my contract by not honoring my payment agreement/payment arrangement and wrongfully repossessed my vehicle. Whitney said I didn't give a specific date that I would pay. I told Whitney that Tyshawn should have immediately asked me this at that time if this is indeed Truist protocol, considering Tyshawn failed to inform me if the 10 days included or excluded the weekends. I informed Whitney that I made a payment arrangement/payment agreement and Tyshawn agreed with my payment arrangement/payment agreement on 4/6/23. I informed Whitney that Tyshawn failed to inform me that the 10 days included or excluded the weekends. I immediately asked to speak with higher management because I should have been informed of this by Tyshawn on 4/6/23, not afterwards. Whitney told me that would be 24-48 hours before I receive a return call. I told Whitney I will pay the $1,000 that I agreed to pay, considering Truist is closed on the weekends. I told Whitney that I need my vehicle returned back to me immediately because I feel this is a breach of contract by not honoring my payment arrangement/payment agreement as agreed upon and illegally and wrongfully trespassing on my property, towing and repossessing my vehicle. I informed Whitney this is wrong and that Truist is not above the law. I paid $1,000 by cashier's check on 4/21/23 at a local Truist branch.

**4/21/23:**
I emailed Truist on Friday, April 21, 2023.

Dear Truist,

Please see attachments of my paid receipt of $1,000 of which I agreed to pay within two to three weeks, as was agreed upon between me and the Truist Representative, Tyshawn on April 6, 2023. Therefore, please release my vehicle upon receipt of confirmation of payment, and clear my account of this error and any wrong doing, repossession or otherwise made by Truist in a prompt and efficient manner in an effort to honor my agreement I had made with Truist on April 6, 2023. Thanks in advance for your urgent assistance in this matter. I look forward to hearing from Truist management soon.

Sincerely,


Regina Greene

**4/24/23:**

I called today on Monday, April 24, 2023 for status to get a release because I paid as agreed. However, I spoke with Patrick who said I will need to pay $5,015.43 to get my vehicle back before auction. I told Patrick that Truist failed to honor my agreement, towed my vehicle illegally and breached my agreement for Truist financial gain. I asked for his supervisor's name and I was told it is Brandon Davis. I was informed he was not available. Therefore, I informed the representative that I am seeking the AL Attorney General to please promptly assist me in this matter of my consumer complaint in order to obtain my vehicle back as timing is imperative in this matter. I requested Brandon Davis to return my call.

**Additional calls made to Truist from 4/19/23 - 5/10/23:**

I called and spoke with additional Truist Reps from 4/19/23 through 5/8/23 to request to speak with the manager/supervisor, Brandon Davis. However, numerous times I was informed he was not available, he was out of the office, or he was gone for the day. Each time, I requested that Brandon Davis return my call.

**4/19/23:**
Whitney - Assistant Supervisor had a rude manner in discussing my account. I informed Whitney that I feel Truist failed to act within the law and Truist is not above the law. Truist cannot "wait to listen to what they want to hear and what they perceived as what they claimed they heard later and rule it as an "invalid payment arrangement" technique to illegally and wrongfully repossess my vehicle. I informed Whitney that on 4/6/23 I spoke with Tyshawn, the Truist representative and he said "Okay, in agreeance at the time the "payment arrangement, payment agreement" was made. I informed Whitney that Tyshawn, the Truist representative failed to specifically state the 10 days to include or exclude weekends, and failed to immediately state that my payment arrangement was a "valid or invalid payment arrangement, valid or invalid payment agreement" and further failed to restate clarification to me at the time of the payment arrangement and now rely on that as a legal defense at their discretion. I requested to speak with higher management. I was told a message will be sent to Patrick to return my call within 24-48 hours.

Angela - Representative had a rude manner in discussing my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Melissa - Representative had a rude manner in discussing my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

**4/21/23:**
Ashley - Representative was very nice in discussing my account. I requested to speak with Brandon Davis, and was transferred to the Truist Asset Department. A representative informed me that a message will be sent for him to return my call.

Vicky – Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Brittany - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Danielle - Representative had a rude manner in discussing my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Patrick – Assistant Supervisor discussed my account. I explained my consumer complaint and discussed my dispute regarding the payment arrangement/payment agreement not honored by Truist and the wrongful, illegal repossession of my vehicle. I requested to speak with higher management. I was informed the manager's name is Brandon Davis. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call and was informed it will take approximately 24-48 hours for a response.

**5/3/23:**
LaTosha - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

**5/4/23:**
Tiffany - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

**5/9/23:**
Tameka - Representative discussed my account. I requested to speak with Brandon Davis, and was informed a message will be sent for him to return my call.

Angela transferred my call to Brandon Davis.
I finally spoke with Brandon Davis via phone on 5/9/23 @ 3:35pm. We briefly spoke regarding my dispute and I informed him of the same reasons I dispute Truist in not honoring my payment arrangement/payment agreement and I dispute the repossession of my vehicle and provided the reasons as specified in the lawsuit. During our clear phone conversation and no technical issues during the call, suddenly Brandon Davis phone call dropped and lost connection. I immediately called Brandon Davis back to request to speak with him however I was informed by Tameka that he was already gone for the day. I quickly informed the representative that I was just speaking with him. The representative said he entered notes in the system that he tried to call me back, but no answer. I immediately told the representative that is not true because I had my phone in my hand the entire time and my phone did not ring, and I do not have a missed call, nor a voicemail from him after the call abruptly ended. This led me to conclude Brandon Davis deliberately hung up the phone to end the call unprofessionally and in an unethical manner in an attempt not to address and respond to my consumer dispute regarding the account breach in the refusal to honor my payment arrangement/payment agreement and the dispute regarding the wrongful repossession of my vehicle. At which time, Brandon Davis never returned my call, nor replied to my emails, or mailed any written correspondence reply letters to me to address my dispute.

**5/10/23:**
Asia - Representative was very professional, very nice, attentive, and helpful in discussing my account.

On 5/10/23 @ 11:23am, I called Truist and spoke with Asia. I informed her of my consumer dispute since 4/19/23. She apparently did not see a consumer dispute on file in the system therefore she filed the formal dispute /complaint on 5/10/23 and asked me if I can pay $1,940 to get the account out of repo. I explained that I do not have it because I have been paying everyone to take me to and from since they picked up my vehicle. I inquired about a deferment or forbearance to add this amount at the end of the loan. Asia said she sent an email of my inquiries and my dispute to Brandon Davis today for him to return my call. However, I never received a return call, email reply, or written letter from Brandon Davis in response to my consumer dispute and inquiries for a deferment or a forbearance.

**4/2023 - 6/2023**

In April 2023, I filed an online consumer complaint against Truist with the State of Alabama Attorney General Office. In May 2023, I received a reply letter from Lisa Johnson with Truist Client Advocacy Department regarding my consumer dispute and the repossession of my vehicle. In June 2023, I emailed a response letter to AL Attorney General Office Consumer Interest Division, Truist, and Truist Asset Department. I also mailed the certified letters to Lisa Johnson, Client Advocacy and Brandon Davis, Truist Asset Department. I awaited a reply via email and mail, however no response. In June 2023, I also called the Alabama Attorney General Office to ensure my email was received and to check the status of my consumer dispute. I was transferred to Brian Bolton's voicemail. I left a voicemail message however I did not receive a return call or email reply.

**6/26/23:**

I called Truist and spoke with Mr. Phi (Fye) on 6/26/23 at 1:50pm CST. I learned my vehicle was sold. I was distraught. I immediately informed Mr. Phi that I was awaiting a call from

Brandon Davis because Asia said she will have him to return my call after I spoke with her on 5/10/23, and since then I have sent certified letters to Brandon Davis and still no reply. I informed Mr. Phi that Brandon Davis did not return my call regarding the status of my dispute filed with Truist to address my disputed account and my dispute of the wrongful repossession of my vehicle. Mr. Phi said he will have Brandon Davis or another supervisor to return my call, but to no avail, I have not received a return call from any Truist Asset Department supervisor.

**6/29/23:**
I called Truist and spoke Savannah with Truist Loan Department and requested to speak with the client advocate, Lisa Johnson. I informed Savannah of my recent knowledge of my vehicle was sold without my knowledge while I was waiting on a response to my consumer dispute. Savannah said she did not know this person, Lisa Johnson or a contact number for this person. Savannah took my message request and said she will find out how to contact Lisa Johnson to request that she return my call. Savannah apologized for what had occurred.

To date, I have not received a call from Lisa Johnson, with Truist Client Advocacy Department. I received one written correspondence letter from Lisa Johnson during the Alabama Attorney General office review process of my consumer dispute. However, Lisa Johnson's letter indicated for me to call the same office, Truist Asset of which Brandon Davis had a failure to communicate with me, hung up on me, failed to return my calls, and failed to respond to my emails and my certified written correspondence letters to his office. I concluded that it was evident Lisa Johnson and Brandon Davis never investigated or reinvestigated this matter to address my consumer complaint because neither of the two individuals returned my calls, emailed me nor mailed a written letter in response to my many certified written letters that were mailed to them from May through August 2023.

**6/30/23:**

I filed a lawsuit against the Defendants, Truist and the three major credit bureaus in the Circuit Court Small Claims Division, Mobile, AL.

**Week of 8/7/23-8/11/23:**

I received a USPS mail package from the Alabama Attorney General Office of confirming receipt of printed copies of my emails. I called and spoke with Stephanie Howard and confirmed receipt of the mail package. I informed Mrs. Howard that I filed a lawsuit on 6/30/23 against the Defendants, Truist and the three major credit bureaus in the Circuit Court Small Claims Division, Mobile, AL. I also informed Mrs. Howard that I previously called the Alabama Attorney General Office in June 2023 to ensure my emails were received and to check the status of my consumer dispute. However, I was transferred to Brian Bolton's voicemail. I left a voicemail message however I did not receive a return call or email reply. Mrs. Howard informed me to disregard the mail package since I have filed the recent lawsuit.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

REGINA GREENE,                          *
                                        *
        Plaintiff,                      *
                                        *
vs.                                     *        CIVIL ACTION NO. 23-00302-B
                                        *
TRUIST BANK - ASSET DISPOSITION,        *
et al.,                                 *
                                        *
        Defendants.                     *

## NOTICE OF ASSIGNMENT TO
## UNITED STATES MAGISTRATE JUDGE FOR TRIAL

This civil action has been randomly assigned to United States Magistrate Judge Sonja F. Bivins for all purposes including trial. In accordance with 28 U.S.C. § 636(c), the Magistrate Judges in this District Court have been designated to conduct any and all proceedings in a civil case, including a jury or non-jury trial, and to order the entry of a final judgment, upon the consent of all parties. An appeal from a judgment entered by a Magistrate Judge may be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court.

YOU HAVE THE RIGHT TO HAVE YOUR CASE REASSIGNED TO A UNITED STATES DISTRICT JUDGE FOR TRIAL AND DISPOSITION. IF YOU WISH TO HAVE THE CASE REASSIGNED, YOU OR YOUR ATTORNEY NEED ONLY RETURN THE REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE (ATTACHED) BY EMAIL TO Shannon_davison@alsd.uscourts.gov. DO NOT ELECTRONICALLY FILE THE DOCMENT.

The plaintiff shall serve a copy of this notice and attachment immediately upon all other parties that have been served with the summons and complaint pursuant to Rules 4 and 5, Federal Rules of Civil Procedure. The parties have the right to have this action reassigned to a United States District Judge for trial and disposition.

This notice was electronically mailed to counsel of record on the **10th** day of **August, 2023.**

CHARLES R. DIARD, JR., CLERK

s/Shannon R. Davison
By: s/Shannon R. Davison
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

Regina Greene _____

           Plaintiff(s),

vs.

Truist Bank-Asset Disposition,
et al.,    Defendant(s).

CIVIL ACTION 23-00302-B

REQUEST FOR REASSIGNMENT TO A
UNITED STATES DISTRICT JUDGE

The undersigned party hereby REQUESTS the reassignment of
this action to a United States District Judge.

August 15, 2023 _____
Date

Regina Greene _____
Signature

Regina Greene _____
Counsel For

5312 Lansdowne Dr. _____
Address

Mobile, AL. 36693 _____