```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

| | |
|---|---|
| **REGINA GREENE,** | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00302-TFM-B |
| | * |
| **TRUIST BANK,** *et al.*, | * |
| | * |
|     Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Defendant Truist Bank's Motion to Dismiss (Doc. 4); Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC's Joint Motion to Dismiss (Doc. 10); and Plaintiff Regina Greene's "Motion to Consider for Judgment" (Doc. 17), "Motion for Summary Judgment" (Doc. 18), "Amended Motion to Consider for Judgment" (Doc. 23), "Amended Motion for Summary Judgment" (Doc. 24), and "Motion for Evidentiary Hearing" (Doc. 34). This action has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 7). For the reasons stated below, the undersigned finds that Defendants' motions to dismiss (Docs. 4, 10) are due to be **DENIED as moot** in light of Plaintiff's filing of an amended complaint; that Plaintiff's "Motion for Summary

Judgment" and "Amended Motion for Summary Judgment" (Docs. 18, 24) are premature and should be **DENIED without prejudice** to Plaintiff's ability to file a motion for summary judgment at an appropriate time; and that Plaintiff's "Motion to Consider for Judgment" (Doc. 17), "Amended Motion to Consider for Judgment" (Doc. 23), and "Motion for Evidentiary Hearing" (Doc. 34) are due to be **DENIED** because they do not comply with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules, and the relief they seek is premature.

I. BACKGROUND

Plaintiff Regina Greene ("Greene"), who is proceeding *pro se*, filed this action in the Circuit Court of Mobile County, Alabama. (See Doc. 1-1). On August 9, 2023, Defendant Truist Bank ("Truist") removed the action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (Doc. 1).

On August 16, 2023, Truist filed a motion to dismiss Greene's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4). On the same day, Defendants Equifax Information Services LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union") filed a joint motion to dismiss Greene's complaint for failure to state a claim pursuant to Rule 12(b)(6). (Doc. 10).

Between August 21, 2023, and September 5, 2023, Greene filed a flood of motions and other documents in this case. Among

2

Greene's motions were a "Motion to Consider for Judgment" (Doc. 17), a "Motion for Summary Judgment" (Doc. 18), an "Amended Motion to Consider for Judgment" (Doc. 23), an "Amended Motion for Summary Judgment" (Doc. 24), and a "Motion for Evidentiary Hearing" (Doc. 34). On September 1, 2023, Truist filed a response in opposition to Greene's pending motions, including her "Motion[s] for Summary Judgment" and "Motion[s] to Consider for Judgment." (Doc. 30). On the same day, Equifax, Experian, and Trans Union filed a motion for extension of time to respond to Greene's pending motions. (Doc. 31). The Court granted the motion for extension of time and stayed the deadlines for Defendants to respond to Greene's assorted motions "until resolution of Defendants' motions to dismiss." (Doc. 32).

On September 5, 2023, Greene filed a new wave of motions that included a "Motion for Evidentiary Hearing." (Doc. 34). Greene also filed an amended complaint on September 5, 2023. (Doc. 37).

II. **DISCUSSION**

   A. **Motions to Dismiss (Docs. 4, 10).**

Federal Rule of Civil Procedure 15(a)(1) provides: "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

3

15(a)(1). Because Greene's amended complaint (Doc. 37) was her first amendment and was filed less than twenty-one days after Defendants served their respective Rule 12(b)(6) motions to dismiss, it was permissibly filed as a matter of course pursuant to Rule 15(a)(1)(B). Accordingly, Greene's amended complaint superseded her original complaint and became the operative pleading in this case. Given the foregoing, Defendants' motions to dismiss Greene's original complaint (Docs. 4, 10) are due to be denied as moot.

**B.   Motions for Summary Judgment (Docs. 18, 24).**

"The law in this circuit is clear: the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." Jones v. City of Columbus, Ga., 120 F.3d 248, 253 (11th Cir. 1997) (per curiam); see Snook v. Trust Co. of Ga. Bank of Savannah, N.A., 859 F.2d 865, 870 (11th Cir. 1988) (instructing that "summary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery"); Kelsey v. Withers, 718 F. App'x 817, 820-21 (11th Cir. 2017) (per curiam) (affirming the district court's decision to strike a premature summary judgment motion and explaining that "'[d]istrict courts have unquestionable authority to control their own dockets,' including 'broad discretion in deciding how best to manage the cases before them'") (citation omitted).

4

The procedural history of this case reflects that Greene's summary judgment motions precede the exchange of any discovery between the parties. There is no indication that the parties have conferred and filed a report pursuant to Federal Rule of Civil Procedure 26(f), nor has the Court held a case management conference or entered a scheduling order setting out discovery limits, procedures, and deadlines in this case. Moreover, as the undersigned has set out in detail in a separate order, Greene's operative first amended complaint is a shotgun pleading that fails to provide adequate notice of her claims and their underlying factual grounds; therefore, Greene must file a second amended complaint that corrects her various pleading deficiencies in order to proceed with this action. If Greene files a second amended complaint that is not a shotgun pleading, Defendants may still file motions to dismiss that could potentially resolve this case at the pleading stage, prior to the commencement of discovery.

Consequently, Greene's motions for summary judgment are due to be denied without prejudice because they are blatantly premature. See, e.g., Blumel v. Mylander, 919 F. Supp. 423, 429 (M.D. Fla. 1996) (denying without prejudice plaintiff's "blatantly premature" motion for summary judgment that was served on the first day of the discovery period and while defendant's motion to dismiss was pending, and admonishing plaintiff that the "premature motion borders on violating Fed.R.Civ.P. 11 because it appears to be

unwarranted by existing law or brought for an improper purpose"); Williams v. Drew, 2013 U.S. Dist. LEXIS 35670, at *8, 2013 WL 1181446, at *3 (M.D. Fla. Mar. 14, 2013) (denying motion for summary judgment without prejudice as premature because no scheduling order had been issued and no discovery had been exchanged between the parties); St Aerospace Servs. Co. Pte, Ltd v. Evergreen Int'l Airlines, 2013 U.S. Dist. LEXIS 3953, at *2-3, 2013 WL 12122572, at *1-2 (S.D. Ala. Jan. 10, 2013) (noting that "[f]iling a Rule 56 motion at the outset of a case (before the commencement of discovery) . . . is procedurally suspect, or at least discouraged, in the vast majority of cases" and denying motion for summary judgment filed before the start of discovery without prejudice to plaintiffs' ability to refile the motion at an appropriate time).

The Court notes that Greene's summary judgment motions include sections in which she appears to argue that her original complaint satisfies federal pleading standards and states viable claims for relief, and Greene's motions for summary judgment also appear to request that Defendants' motions to dismiss be stricken or voided. (See Doc. 18 at 9-15; Doc. 24 at 10-22). This is entirely improper. If Greene intended to stand on her original pleading and contest the merits of Defendants' motions to dismiss, she should have filed responses to those motions as ordered by the Court rather than burying her arguments in a prematurely filed

6

motion for summary judgment. In any event, Greene's decision to file an amended complaint resulted in the abandonment of her original complaint and rendered Defendants' motions to dismiss the original complaint moot. In light of Greene's subsequent filing of an amended complaint, her requests for the Court "to strike and void" Defendants' motions to dismiss are moot and irrelevant.

### C.  "Motion[s] to Consider for Judgment" (Docs. 17, 23) and "Motion for Evidentiary Hearing" (Doc. 34).

Greene's "Motion[s] to Consider for Judgment" appear to largely reassert the conclusory allegations made in her complaints and to list various violations and damages with few if any supporting factual allegations. For relief, Greene requests that the Court enter judgment in her favor. (See Docs. 17, 23). Greene's "Motion for Evidentiary Hearing" similarly repeats her largely conclusory assertions of violations and damages and requests an evidentiary hearing and judgment in Greene's favor. (See Doc. 34).

To the extent these motions are intended as some type of motion for default judgment or motion for summary judgment, they do not comport with the requirements for either a motion for default judgment under Federal Rule of Civil Procedure 55 or a motion for summary judgment under Federal Rule of Civil Procedure 56. Further, the motions violate this Court's Local Rules because they do not "state the statute, rule, or legal or equitable

7

principle pursuant to which [they are] made[,]" see S.D. Ala. CivLR 7(a), and because they effectively seek summary judgment but are not supported by a brief. See S.D. Ala. CivLR 7(b) ("Except as ordered by the Court, any motion filed pursuant to Fed. R. Civ. P. . . . 56 must be supported by a brief. For other motions, supporting briefs are required where necessary to set forth the legal and factual basis for the relief sought. . . . Failure to file a brief in support of a motion under Fed. R. Civ. P. . . . 56 is sufficient cause to deny the motion, and failure to file a brief may be sufficient cause to deny any other motion."). Finally, for the reasons previously discussed in connection with Greene's motions for summary judgment, Greene's requests for an "evidentiary hearing" and judgment in her favor are blatantly premature. Accordingly, Greene's "Motion[s] to Consider for Judgment" (Docs. 17, 23) and "Motion for Evidentiary Hearing" (Doc. 34) are due to be denied.

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that Defendants' motions to dismiss (Docs. 4, 10) be **DENIED as moot** in light of Plaintiff's filing of an amended complaint; that Plaintiff's "Motion for Summary Judgment" and "Amended Motion for Summary Judgment" (Docs. 18, 24) be **DENIED** as premature, without prejudice to Plaintiff's ability to file a motion for summary judgment at an appropriate time in the future **after** resolution of

8

any motions to dismiss and **after** the parties have had adequate time to conduct discovery; and that Plaintiff's "Motion to Consider for Judgment" (Doc. 17), "Amended Motion to Consider for Judgment" (Doc. 23), and "Motion for Evidentiary Hearing" (Doc. 34) be **DENIED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation

9

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **September, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
